ESTATE OF CHARLES NATHAN, ROSE N. STRAUS, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7002. Promulgated March 29, 1946.

*Myron E. Wisch, Esq.,* for the petitioner.
*Carroll Walker, Esq.,* for the respondent.

606

### OPINION.

Kern, *Judge*: In his notice of deficiency respondent determined that the transfer of property by decedent to the trust created by him in 1941 was "a transfer in contemplation of death." Considerable testimony was adduced at the hearing herein by petitioner to prove that respondent erred in this determination. In his brief respondent makes no contention that the transfer was made in contemplation of death, and we therefore assume his intention to concede this issue. However, lest there should be any doubt on this question, we have found, as a fact, that the transfer was not one made in contemplation of death. This finding is supported by the clear and uncontradicted testimony contained in the record.

The contention which respondent does make as set out in his brief, is that where the decedent made a transfer of property to be held in trust for the benefit of his sister during her natural life, reserving a life estate for himself after the death of the original beneficiary with a remainder over to his nieces and nephews, such a transfer was for a period not ascertainable without reference to his death, or for a period which does not, in fact, end before his death, and the value of the trust estate, less the value of the life estate of the first beneficiary, is includible in the decedent's gross estate.

Respondent relies upon section 811 (c) of the Internal Revenue Code, the pertinent provisions of which are as follows:

(c) Transfers in Contemplation of, or Taking Effect at Death.—To the extent of any interest therein * * * of which he [the decedent] has at any

time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death, or for any period which does not in fact end before his death (1) the possession or enjoyment of * * * the property * * *

A case which is squarely in point on the problem posed herein is *Estate of Charles Curie*, 4 T. C. 1175, in which we decided adversely to respondent's contentions.

Respondent seeks to distinguish the instant proceeding from the *Curie* case by pointing out the fact that at all times here pertinent Regulations 80, article 18, and Regulations 105, section 81.18, were in effect, whereas at the times pertinent in the *Curie* case there was in effect E. T. 5, C. B. XIII–2, p. 369, which was an administrative ruling to the contrary.[1]

In the instant case we have the same question which was decided in the *Curie* case and the same statutory provision under which it must be resolved. The only difference is that we have a change in the respondent's administrative rulings. In the *Curie* case we specifically approved the administrative construction of the statute contained in the respondent's first ruling, and, unmistakably, disapproved the construction contained in the respondent's later regulations. This disapproval was not limited to its retroactive application to the trust there involved, but was to the effect that it was not supported by the legislative history of the section of the statute there and here involved. See *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110. We reached the conclusion in the *Curie* case (p. 1184) that "since the reservation of the possibility of coming into a life estate does not amount to the retained estate *contemplated by the statute*, we are of the opinion that the petitioner should prevail." (Emphasis supplied.)

Regulations 80, article 18, and Regulations 105, section 81.18, do not represent an administrative construction of the statute which has been uniform or of long standing, nor has there been a reenactment of the statute subsequent to the change in the regulations which might be construed as a legislative approval of such change. The inclusion of the statutory provision in question in the Internal Revenue Code is not to be considered as a reenactment. See *Helvering* v. *Hallock*, 309 U. S. 106. Therefore, we consider our action correct in the *Curie* case in deciding upon our construction of the statute in question, without giving great weight to the later administrative construction. It is true that in that case a retroactive application of the new and changed regulations was involved, but, as we have pointed out, our decision was not based upon the retroactivity of the regulation, but upon our

---

[1] These administrative rulings are set out and discussed fully in *Estate of Charles Curie*,

conclusion that the regulation did not correctly construe the statute. We see no reason to reach a different conclusion in the instant case.

The only case cited and relied upon by respondent as authority for his later construction of the statute, which was not available to us at the time of our decision of the *Curie* case, is *Goldstone* v. *United States*, 325 U. S. 687. That case is clearly distinguishable on its facts.

On the authority of *Estate of Charles Curie, supra*, we decide this issue in favor of petitioner.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

OPPER, *J.*, dissenting: If we were to consider here whether decedent had retained an interest for a period "which does not in fact end before his death," the discussion in the committee report and in fact the fair construction of the language itself would preclude taxing the estate upon the value of the transferred property. Similarly, if we were dealing with a transfer prior to 1937, the respondent's official ruling then in effect would furnish a ground for the same result. *Estate of Charles Curie*, 4 T. C. 1175. It is unnecessarily harsh to impose a more stringent tax liability than respondent himself has announced, particularly where the taxpayer's position may well have been founded upon that assumed condition of the tax law. See *Great Northern Ry.* v. *Sunburst Co.*, 287 U. S. 358, 364.

But here I do not see how we can escape the necessity of taking a fresh view of the problem. This was determined to be a transfer for a period "not ascertainable without reference" to decedent's death. And it was literally that. When the decedent set up the trust now in controversy, respondent's official regulations had for four years dealt with such a transfer as includible in the gross estate. Respondent's prior contrary ruling may have been a justifiable interpretation of a statute of somewhat ambiguous import. Even so, it would still be susceptible of reconsideration and reversal as to cases subsequently arising. See *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90; *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110. Since I regard the present administrative interpretation as comporting with the literal language of the statute and as not being in conflict with its spirit, and since the section, if not the subsection, has since then been amended without change of the portions material here, I believe the regulations to be appropriate and authoritative, and that they should be sustained.

---

HARLAN, *J.*, dissenting: I concur in the dissent herein for the reason that section 811 (c) clearly provides that there shall be included in

every decedent's estate for the purpose of taxation any interest in property of whatsoever kind of which the decedent has at any time made a transfer by trust or otherwise and under which transfer he has retained an interest for his life or for any period which can not be determined without referring to the time of his death. In this case the interest retained by the decedent can not be ascertained without referring to the date of his death. If his death occurred before that of the cestui que trust, he had no interest. If his death occurred after that of the cestui que trust, he definitely reserved an interest to himself for life. Therefore it seems to me most illogical to say that the extent of the trust created by the decedent in his lifetime could be determined without reference to the time of his death.

TURNER and OPPER, *JJ.*, agree with this dissent.