ESTATE OF LOUIS STOCKSTROM, DECEASED, ARTHUR STOCKSTROM, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1237. Promulgated June 27, 1946.

*Chase Morsey, Esq.*, for the petitioner.
*Loyal E. Kier, Esq.*, for the respondent.

SUPPLEMENTAL FINDINGS OF FACT AND OPINION.

KERN, *Judge*: Our original findings of fact and opinion herein are found in 3 T. C., at page 255. Upon a point which was not mentioned by the parties either at the hearing herein or upon briefs filed with this Court, our decision entered herein under date of February 14, 1944, was reversed by the United States Circuit Court of Appeals for the Eighth Circuit. Upon the issues which were presented to us in this proceeding, our decision was affirmed. See 148 Fed. (2d) 491. The original mandate of the Circuit Court of Appeals, dated March 23, 1945, reads, in material parts, as follows:

* * * It is now here Ordered and Adjudged by this Court that, insofar as the decision of The Tax Court taxes to petitioner the income from the property which he placed in trust for his children and grandchildren and of which he constituted himself trustee, be, and it is hereby, affirmed. It appears, however, that The Tax Court has also taxed to petitioner, as did the Commissioner in his deficiency determination, the income from some property which the record indicates was added to the trusts by two of his children out of their own estates. There is no finding and no statement in the opinion of The Tax Court to suggest the basis of its action, but the matter seems simply to have been treated as part of the principal question. As to this income, the decision of The Tax Court is hereby reversed, and the cause is hereby remanded to The Tax Court for such further proceedings as may be necessary properly to dispose of the issue.

Pursuant to stipulation of counsel, this proceeding was placed on the calendar in St. Louis, Missouri, on February 25, 1946, on which date the parties might submit computations of the petitioner's tax liability consistent with the opinion of the Circuit Court, or otherwise move.

On February 25, 1946, there was received by us a copy of an order signed by the Circuit Court under date of February 18, 1946, the pertinent part of which reads as follows:

On consideration of the application of petitioner for an order recalling the previous mandate herein and issuing a new mandate, or in the alternative for an order permitting the Tax Court to consider the question of Louis Stockstrom's tax liability on the income from the seven trusts created by him for his grandchildren, in the light of Treasury Decision 5488, dated December 29, 1945, and Mimeograph No. 5968, dated January 4, 1946, it is Ordered that such application be and hereby is granted to the extent that the Tax Court is authorized to reconsider the question of Louis Stockstrom's tax liability on the income from the seven trusts created by him for his grandchildren in the light of Treasury Decision 5488, dated December 29, 1945, and Mimeograph No. 5968, dated January 4, 1946, and the previous mandate herein shall not preclude the Tax Court from giving consideration to such Treasury Decision and Mimeograph in its final redetermination of the total taxes due from Louis Stockstrom on the income from such trusts for the taxable years involved.

On February 28, 1946, the parties filed herein a stipulation reading as follows:

The ordinary income from the property contributed to the trusts by Gladys T. Stockstrom and Jessie S. Russell, children of the grantor, Louis Stockstrom, was as follows:

| | 1938 | 1939 | 1940 | 1941 |
|---|---|---|---|---|
| Gladys T. Stockstrom | $1,749.24 | $1,204.43 | $1,052.50 | $1,281.17 |
| Jessie S. Russell | 1,886.20 | 2,045.60 | 1,817.00 | 1,181.00 |

The long-term capital gains and losses derived from securities contributed to the trusts by Gladys T. Stockstrom and Jessie S. Russell were as follows (long-term capital losses are shown in parentheses):

| | 1938 | 1939 | 1940 | 1941 |
|---|---|---|---|---|
| Gladys T. Stockstrom | $245.83 | ($17.50) | $62.50 | ———— |
| Jessie S. Russell | (189.50) | 160.34 | ———— | ($2,634.50) |

Louis Stockstrom was seventy-seven years of age when he signed the ten trusts on January 6, 1936.

Louis Stockstrom resigned as trustee on the 17th day of February, 1944.

Louis Stockstrom died in St. Louis County, Missouri, on July 5, 1945, and thereafter Arthur Stockstrom was appointed executor of his estate and is now the duly appointed, qualified and acting executor of said estate.

Shortly after the resignation of Louis Stockstrom as trustee and by virtue of the provisions of Item Eleven of the grandchildren's trusts the Mississippi Valley Trust Company and Louis McMillan became trustees of the Louis McMillan trust; the Mississippi Valley Trust Company and Edwin Russell became trustees of the Edwin Russell trust; the Mississippi Valley Trust Company and Nancy Russell (now Primm) became trustees of the Nancy Russell trust; the Mississippi Valley Trust Company and Margaret Stockstrom (now Skinner) became trustees of the Margaret Stockstrom trust; the Mississippi Valley Trust Company and Mary E. Stockstrom became trustees of the Mary E. Stockstrom trust.

Louis Stockstrom II and Arthur Stockstrom, Jr., (twins) became of age on January 9, 1946, and under the provisions of Item Eleven of their trusts are now entitled to become co-trustees with the Mississippi Valley Trust Company, which became the sole trustee upon the resignation of Louis Stockstrom. The said Louis Stockstrom II and Arthur Stockstrom, Jr., have not as yet become co-trustees of their trusts for the reason that Louis Stockstrom II is now in the Army and Arthur Stockstrom, Jr., is attending school away from St. Louis. Immediately upon their return to St. Louis the said Louis Stockstrom II and Arthur Stockstrom, Jr., will be entitled to become trustees of their respective trusts.

It was orally stipulated "that in computing the tax under Rule 50 that [*sic*] the income from the securities contributed by the two children shall be excluded."

Under the circumstances which we have just stated above *in extenso*, the petitioner now contends that our decision should be that none of the income from the seven trusts for the grandchildren should be taxed to the grantor, a result exactly contrary to that which we have already determined and which was affirmed by the Circuit Court of Appeals.

Petitioner's argument may be summarized as follows:

(a) The evidence before us now differs from the evidence before us at the time of our original decision in that it is now shown that Louis Stockstrom, the grantor, was 77 years of age when he created the trusts in 1936 and his life expectancy was, accordingly, only 6 years. Petitioner contends that the grantor's right to accumulate or distribute the income of the trusts was thus limited to a definite term of years (the

grantor's life expectancy), and that, therefore, the grantor is not liable for a tax upon the trust incomes under the doctrine of *Alma M. Myer*, 6 T. C. 77, and *J. M. Leonard*, 4 T. C. 1271.

(b) On December 29, 1945, between the date of the decision of this case by the Circuit Court of Appeals and the date of the last hearing herein, the Commissioner promulgated certain amendments to his regulations by Treasury Decision 5488. These new regulations constitute "controlling authority," and require a conclusion on our part that none of the income of the trusts in question was taxable to the grantor in 1938, 1939, 1940, and 1941.

Petitioner's first argument requires no answer. If it would be considered as having validity, then every estate for life would be equivalent to a term for years.

Petitioner's second argument is based upon a misconception of the status of the Commissioner's regulations. Petitioner on brief states that the regulations in question have the force and effect of law. It is obvious that they do not. They "do not represent an administrative construction of the statute which has been uniform or of long standing, nor has there been a reenactment of the statute subsequent to the change in the regulations which might be construed as a legislative approval of such change." See *Estate of Charles Nathan*, 6 T. C. 605; *Helvering* v. *Hallock*, 309 U. S. 106, footnote No. 7. These regulations represent the Commissioner's present construction of the statutory provisions here applicable. As such, they are entitled to weight and consideration. Pursuant to the mandate of the Circuit Court of Appeals as modified by its order of February 18, 1946, we have considered the Commissioner's amended regulations. We still adhere to our views as expressed in our former opinion which were affirmed by the Circuit Court, and continue to be of the opinion that the income of the trusts in question was taxable to the grantor in the taxable years.

We adhere to this conclusion not by reason of stubborn and sterile consistency, but because it continues to represent our considered judgment upon an extremely difficult problem. We have cited and followed our opinion herein in several other cases. If the Commissioner, as a matter of administrative policy, sees fit to construe the taxing statutes differently now than he did at the time this case arose, he may do so, but subject to review by this Court, the Circuit Courts of Appeals, and the Supreme Court. However, the mere change in respondent's administrative construction of the revenue acts of Congress will not result, as petitioner seems to assume, in the overruling of a line of decisions of this Court which, to the present time, have the approval of the higher courts.

It is unnecessary for us to consider whether subsections (d) and (e) of the respondent's amended regulations cover the question of the taxability of the income of the trusts here involved, for, as we have

indicated, even if they do, they would not, in our opinion, represent a correct interpretation of the statute and would not, therefore, be valid. If they do not cover the question here presented, petitioner's whole argument would, of course, be without point.

*Decision will be entered under Rule 50.*