Estate of Louis Stockstrom, Deceased, Arthur Stockstrom, Executor v. Commissioner.
Estate of Louis Stockstrom v. Commissioner
Docket No. 1237.
United States Tax Court
1947 Tax Ct. Memo LEXIS 337; 6 T.C.M. (CCH) 268; T.C.M. (RIA) 47028; January 16, 1947
KERN Order KERN, Judge: Petitioner has filed herein its Petition for Rehearing or, in the Alternative, for Review by the Court. Upon due consideration of the arguments of the parties herein, it is ORDERED: That that part of said petition which requests that petitioner be granted a rehearing be and it hereby is denied. Memorandum Sur Order We attach this Memorandum to our Order on the Petition for Rehearing for the purpose of making more explicit our Supplemental Findings of Fact and Opinion reported at 7 T.C. 251, in the light of recent comments thereon. See Pavenstedt, The Treasury Legislates, 2 Tax Law Review, 7. Treasury Decision 5488 [1946-1 CB 19] which amended Regulations 111 by the addition *338 of section 29.22(a)-21 specifically made the amendment applicable only to taxable years beginning after December 31, 1945. Section 29.22(a)-21(f) provided that "section 22(a) shall be applied to the determination of the taxability of trust income for taxable years beginning prior to January 1, 1946, without reference to this section." Mimeograph 5968 [1946-1 CB 25] merely stated the administrative policy of the Commissioner of Internal Revenue not to assert the liability of a grantor of a trust for income taxes upon the trust income under the provisions of section 22(a) if the trust income would not have been taxable to the grantor under the amended regulations. In our original opinion herein (3 T.C. 255) we held that the grantor of certain trusts was taxable upon the income of the trusts under the provisions of section 22(a) of the applicable Revenue Acts. We were affirmed by the Circuit Court of Appeals for the Eighth Circuit (148 Fed. (2d) 491). Our opinion and that of the Circuit Court were handed down before the Commissioner amended his regulations. The tax years here involved were 1938, 1939, 1940 and 1941. After the opinions were *339 handed down the regulations were amended to be effective as amended with regard to taxable years beginning after December 31, 1945. Then, on January 4, 1946, Mimeograph 5968 [1946-1 CB 25] was issued by the Acting Commissioner of Internal Revenue. The pertinent parts are as follows: Reference is made to Treasury Decision 5488, approved December 29, 1945, which amends Regulations 111 so as to include therein a statement of those factors which demonstrate that the grantor of a trust has retained such control that he is taxable on the income therefrom under section 22 (a) of the Internal Revenue Code within the principles of Helvering v. Clifford, 309 U.S. 331. The Treasury decision provides that section 22 (a) of the Code shall be applied in determining the taxability of trust income for taxable years beginning prior to January 1, 1946 without reference to the amendment to the regulations made by the Treasury decision. However, in cases not yet finally determined for such taxable years, it will be the policy of the Bureau, where no inconsistent claims prejudicial to the Government are asserted by trustees or beneficiaries not to *340 assert liability of the grantor under the general provisions of section 22 (a) of the Code, if the trust income would not be taxable to the grantor under the amendment to the regulations. It is apparent that this mimeograph relates only to "the policy of the Bureau." Each Internal Revenue Bulletin carries a caveat that "the rulings other than Treasury Decisions have none of the force or effect of Treasury Decisions and do not commit the department to any interpretation of the law which has not been formally approved and promulgated by the Secretary of the Treasury." The Circuit Court of Appeals in its modified mandate authorized us to "consider the question of Louis Stockstrom's tax liability on the income from the * * * trusts * * * in the light of Treasury Decision 5488 [1946-1 CB 19] * * * and Mimeograph No. 5968 [1946-1 CB 25] * * *." We were "authorized" so to do, not directed. It is our opinion that Treasury Decision 5488 [1946-1 CB 19] is, by its terms, inapplicable to the tax years before us; and that whether respondent follows, or fails to follow, his Mimeograph No. 5968 [1946-1 CB 25], is a matter of administrative *341 policy with which we are not concerned. Thus, we conclude that there is nothing in either Treasury Decision 5488 [1946-1 CB 19], or Mimeograph 5968 [1946-1 CB 25], which would cause us to alter our interpretation of section 22(a) as applied to the facts of the instant case, which has already been affirmed by the Circuit Court. In our Supplemental Opinion herein reported at 7 T.C. 251, we were largely engaged in disposing of the several contentions of petitioner. In the final paragraph we expressed the thought that even if the respondent's amended regulations were applicable to the instant case (and we have sought to show above that they are not), and even if they were contrary to the holding of this Court in this case which was affirmed on appeal, we would, nevertheless, adhere to our original holding herein. This we would do because (1) this holding continues to be our construction of the statute as applied to the facts of the instant case, and (2) regulations issued after the trial, decision and affirmance on appeal of a case can not in any way affect the law of that case. This view does not question the full power of respondent *342 to comply with his Mimeograph No. 5968 [1946-1 CB 25] with regard to any proceeding falling within its scope which has not been tried and decided by this Court. In such a proceeding respondent may decide as a matter of administrative policy to comply, or not, with this Mimeograph. It is not our intention to decide the question whether any part of the respondent's amended regulations is contrary to our holding therein. That question, as we have pointed out, is not properly before us. A fortiori, it was not our intention to condemn as invalid or improper the amended regulations as a whole, or to indicate any view that the amended regulations are ultra vires the Commissioner of Internal Revenue.