BURRILL et al. v. SHAUGHNESSY, Collector of Internal Revenue.

No. 1615.

District Court, N. D. New York.

Jan. 24, 1947.

Hancock, Dorr, Ryan & Shove, of Syracuse, N.Y. (Benjamin E. Shove, of Syracuse, N. Y., of counsel), for plaintiffs.

Irving J. Higbee, U. S. Atty., of Syracuse, N. Y. (Frederick G. Rita, Sp. Asst. to the Atty. Gen., of counsel), for defendant.

BRENNAN, District Judge.

Plaintiffs seek a money judgment based upon the alleged illegal over-assessment of estate taxes in the Estate of Harvey D. Burrill, deceased. Brief reference to the facts is made to afford a background for this decision.

Harvey D. Burrill was a prominent business man of the City of Syracuse. He died on December 24, 1938, and the present plaintiffs are the executors of his last Will and Testament. The usual tax proceedings were taken and there appeared therein three items which are the subject of this controversy.

On August 3, 1935, the decedent made outright gifts of cash and securities of the total value of about $50,000.00 to his son, Louis D. Burrill, a similar gift to his daughter, Esther B. Picou, and upon the same date he executed a certain instrument which modified a prior trust agreement dated December 6, 1926, which will be referred to later, which modification in part purported to give to his wife for her lifetime the income of the corpus of a trust fund, the remainder to be divided between his son and daughter, or their issue; the value of such fund being something less than $100,000. The three items above referred to were included in the tax return filed by the plaintiffs in the Estate of the decedent, but were not included in the taxable estate as shown therein.

The defendant Commissioner found in substance that each of the three items above mentioned were in fact gifts made in contemplation of death, and therefore, should have been included in the taxable estate, under the provisions of Sec. 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 811(c). He also "recommended" that the corpus of the trust estate be included in the gross estate, under the provisions of Sec. 811(d) of the Internal Revenue Code, as a transfer where the decedent had retained rights of reversion or reverter. An additional tax, based upon the findings of the Commissioner was imposed and paid under protest by plaintiffs, and they now seek its refund.

The action came on to be tried before the late Judge Bryant. It was agreed that the issues as to whether any one or all of the three items above mentioned were gifts made by the decedent in contemplation of death would be submitted to a jury, and the remaining issues as to the taxa-

bility of the trust fund were to be decided by the Court in the event that the verdict of the jury was in favor of plaintiffs.

The jury found that none of the gifts were made in contemplation of death, and such finding is made the finding of this Court.

The defendant has withdrawn the contention that the decedent retained a right of reversion or reverter in the trust fund, so that there remains only the issue as to whether or not the corpus of the fund is properly taxable under the provisions of Section 811(c) of the Internal Revenue Code. This issue was re-tried, and the evidence taken in the prior trial was stipulated or offered therein, so that the complete record and exhibits are before the Court at this time.

The record discloses that the decedent, Harvey D. Burrill, was a man sixty-eight years of age at the time of his death; that his surviving immediate family consisted of his wife, Mary Burrill, to whom he had been married for about forty-seven years, and his son and daughter, who are the plaintiffs in this action. He had been an active, intelligent business man and it is apparent that his relationship with the members of his immediate family had continued pleasantly without interruption.

By an instrument dated December 6, 1926, the decedent created a trust of about $100,000, in cash and securities, under the terms of which the trustee was to pay the income therefrom to the decedent during his life, and upon his death to divide the principal equally among his wife, Mary D. Burrill, his son, Louis D. Burrill and his daughter, Esther B. Picou. The right to change the beneficiary was reserved, and the right to withdraw all of the funds and to revoke the trust instrument was reserved to the decedent for a period of five years. The decedent also reserved the right to control under certain conditions the investment of the funds which were a part of the trust estate.

The trust indenture was modified by written instructions of the decedent, dated August 3, 1933, and January 20, 1934, which modifications are not material here.

It was further modified or amended by the writing dated August 3, 1935, above referred to, and this modification is material and the source at least of part of the controversy which has arisen. The amendment or modification provides in substance that the income from the trust estate shall be payable to Mary D. Burrill, the wife of the decedent, during her lifetime, and upon her death the principal should be divided equally between his son, Louis D. Burrill, and his daughter, Esther B. Picou, or their issue. The trust indenture was declared irrevocable, and the decedent no longer had the power to change the beneficiary or in anyway to alter the trust indenture as amended or supplemented by the August, 1935, instrument.

In the supplemental indenture or modification of August, 1935, the decedent gave to his wife a limited power of appointment whereby she might direct by her last will that the income from the trust fund should be paid to the decedent during her lifetime. Such power appears in the following quotation, taken from the instrument referred to.

"Provided, However, that said Mary D. Burrill may by her last will and testament direct that in case Harvey D. Burrill, the grantor, shall survive her, then the income from said trust shall be paid to said Harvey D. Burrill during his life, and in case said Mary D. Burrill does exercise such limited power of appointment then the payment of the principal of said trust fund as hereinbefore directed shall be postponed and shall not take place until the death of said Harvey D. Burrill."

Such power of appointment was in fact exercised by Mary D. Burrill by her execution of a will dated October 12, 1935.

Plaintiffs base their right to recover upon language of the trust instrument itself, and they urge that it be given full force in determining the decedent's intention.

The defendant now takes the position that the corpus of the trust fund is properly taxable under Section 811(c) of the Internal Revenue Code as a transfer under which the decedent retained for his life the possession or enjoyment of, or the right to, the income from the property.

The issue here is simple and concise. It seems to be agreed without argument that, if full effect be given to the language of the trust instrument, plaintiffs are entitled to judgment. The dispute arises by reason of defendant's claim that in fact the decedent retained the enjoyment of the income from the trust fund not only in the event he survived his wife, but also during their joint lives. Such claim amounts to the assertion that the defendant for the purpose of avoiding the impact of the estate tax, used the "circuitous form of conveyancing" whereby he retained the income for his life, and that in fact he had an agreement or understanding with his wife whereby the income, although payable to his wife, was actually for his benefit, and that she was bound to exercise the limited power of appointment authorized by the trust instrument

The defendant relies upon the case of First Trust & Deposit Company v. Shaughnessy, 2 Cir., 134 F.2d 940, but that case is readily distinguishable. It involved the sufficiency of the evidence to create a question of fact for a jury as to the intent and motive of the settlor in the transfer of insurance policies to his wife. Such question is not here in this phase of the instant case, for, as hereinafter stated, it has been settled by the jury's verdict. While the plaintiffs have the burden of proof to establish their cause of action, such burden, as to the issues not settled by the jury, is at least prima facie satisfied by the production of the trust instrument and proof that its terms have been carried out. When the defendant relies upon new matter it is his burden to establish it as a fact. In the First Trust case a gift of securities and the creation of a trust were part of a single plan concerning which there was no contradictory evidence. Here there is no direct evidence of an agreement or plan, and a couple of months elapsed before the execution of the power of appointment.

In approaching the decision to be made herein it is essential that it be borne in mind that the verdict of the jury, under the instructions of the court to which no exceptions were taken, determined that the dominant motive of the decedent was not the avoidance of estate taxes, and that the creation of the trust was not a substitution for a testamentary disposition. Such verdict, therefore, avoids the consideration and discussion of many precedents, which are based upon a determination of the predominant motive of the settlor, or upon testamentary character of the trust instrument.

■ If any agreement is found here, it must be based upon an inference drawn entirely from the existence of a family relationship as the record is barren of any direct testimony thereof. It is not to be doubted that the Court should determine the facts in a realistic manner where financial transactions among an intimate family group are involved, but here we have direct evidence that no such agreement existed; that the income received by Mrs. Burrill was hers to dispose of as she saw fit and that the whole transaction was coupled with the desire on the part of the decedent to make a wedding anniversary gift to his wife. To draw the inference requested by the defendant is not only to ignore such evidence, but is also to hold that the existence of a family relationship in itself is a handicap to one's right to contract or to express the virtue of unselfishness. Such a holding would be contrary to common understanding and experience, which are the touchstones for the interpretation of the revenue laws. Helvering v. Horst, 311 U.S. 112, at page 117, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655. Recent legislation granting married women important contractual and property rights need not come into such complete collision with the interpretation of tax statutes. The following quotation is applicable: "It may be that for tax purposes the jural indissolubility of the family will in the end be restored to the position it occupied in archaic law; but, so far that has not happened." Kohnstsmm v. Pedrick, 2 Cir., 153 F.2d 506, at page 510.

No basis for taxation arises by reason of the existence of the power of appointment contained in the trust instrument. The decedent did not retain any power in himself; neither did he reserve any enforceable right. The most he accomplished was to place in the hands of the beneficiary

the discretionary power to create a contingency whereby he might receive the income in the event she predeceased him. The test referred to in Commissioner of Internal Revenue v. Irving Trust Company, 2 Cir., 147 F.2d 946, at, page 949, may be applied here, although the above case refers to the return of any part of the corpus to the settlor, while here the retention of the income only is involved. "* * * the true test as to its inclusion in the taxable estate of the settlor is whether the trustee is free to exercise his untrammelled discretion, or whether the exercise of his discretion is governed by some external standard which a court may apply in compelling compliance with the conditions of the trust instrument."

The defendant again relies upon the existence of the family relationship to establish by inference that an enforceable agreement, which required Mrs. Burrill to exercise the power, in fact existed, or that by reason of such relationship she was dominated and controlled in this matter by the decedent.

The actual exercise of the power by the execution of Mrs. Burrill's will of October 12, 1935, is of little importance. Certainly there was no evidence to show that same was the result of coercion or undue influence. It appears to have been a voluntary action on her part, subject to immediate revocation as her discretion might dictate.

The conclusion is reached that the trust agreement as amended by the writing of August, 1935, expressed the true intention of the decedent; that no understanding or agreement existed between the decedent and the life beneficiary which in any way controlled the action of, or altered the rights of the parties mentioned therein, and that plaintiffs are, therefore, entitled to a judgment as demanded in the complaint.

Plaintiffs make two further contentions which will be referred to briefly.

It is noted that the bases of taxation relied upon by the Commissioner have either been determined adversely to his contention by the jury, or abandoned upon the trial. Plaintiffs urge that the defendant may not now avail himself of a basis of taxation not used by the Commissioner, or referred to in the pleadings. The correctness of such contention need not be decided. The cases cited by the plaintiffs which refer to the Income Tax Statutes have not been overlooked, but it is preferred that the decision rest upon the merits, rather than upon any basis which may be technical rather than substantial.

The use of the cases of Estate of Curie v. Commissioner, 4 T.C. 1175, and Estate of Nathan v. Commissioner, 6 T.C. 605, by the plaintiff as precedents for the contention that the corpus of the fund would not be taxable even if the decedent retained the income from the trust fund for his life in event that Mrs. Burrill predeceased him, created a controversy which becomes of no moment in view of the decision that no retention of such income was made by the decedent. The defendant strenuously disputes the value of the above cases as precedents. It is understood that the Nathan case is on appeal, and inasmuch as the decision herein is based upon a finding that there was no retention by the decedent of the income of the trust fund, no discussion of the holdings in the above cases is necessary.

The objection to the admissibility of the will of Mrs. Burrill, "Exhibit C", is overruled, and the exhibit is received in evidence.

Defendant's motion to dismiss is denied.

Plaintiffs are entitled to judgment as demanded in the complaint.