ESTATE OF MARY FOWNES TOMEC, DECEASED, MATTHEW J. SCAMMELL, JR., SURVIVING ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93635. Filed April 24, 1963

*Melvin Cornfield*, for the petitioner.
*Gerald N. Daffner*, for the respondent.

## OPINION

Scott, *Judge:* Respondent determined a deficiency in estate tax in the amount of $72,268.88.

The issues for decision are:

(1) Whether the value of the securities comprising the entire principal of a trust created on June 17, 1955, is includable in the gross estate of Mary Fownes Tomec, deceased, for Federal estate tax purposes under the provisions of section 2036(a)(1) of the Internal Revenue Code of 1954; and if not, what portion of the value of such securities is includable in the gross estate.

(2) If the value of the securities comprising the entire principal of the trust is includable in the gross estate, is the portion of the gift tax paid attributable to the gift of income to the decedent's children for the life of decedent allowable as a credit against the Federal estate tax.

All of the facts have been stipulated and are found accordingly.

Matthew J. Scammell, Jr., is the duly qualified administrator of the estate of Mary Fownes Tomec (hereinafter referred to as decedent) who died intestate on April 12, 1957.

The Federal estate tax return for decedent's estate was filed with the district director of internal revenue at Philadelphia, Pa.

Decedent was born on September 16, 1885. She was survived by her husband and four children; Elizabeth Fownes Scammell Kerr, born January 17, 1924; Sarah Jane Scammell Mellick, born November 14, 1917; Mary Louise Scammell Simcoe, born June 12, 1915; and Matthew J. Scammell, Jr., born January 15, 1913.

Decedent was also survived by the following listed issue of her children:

The children of Matthew J. Scammell, Jr.:

Suzanne Scammell Yerkes, born April 2, 1943
Mary Louise Scammell Carvalho, born February 21, 1935
Matthew Johnston Scammell III, born July 22, 1950
Barbara Catherine Scammell, born May 21, 1953

The child of Mary L. Simcoe:

George Simcoe, born April 2, 1942

The children of Elizabeth Fownes Scammell Kerr:

Herbert Sinclair Kerr, Jr., born January 23, 1947
Marcia Gail Kerr, born February 23, 1948
Jeffrey Kiffam Fownes Kerr, born February 11, 1951
Timothy Fownes Kerr, born February 11, 1951

The child by adoption of Sarah Scammell Mellick:

O. Waring Mellick, Jr., born May 17, 1956

On June 17, 1955, decedent established a trust hereinafter referred to as the trust) by transferring securities to trustees under a trust agreement which provided in part as follows:

1. The Settlor has granted, conveyed, assigned and transferred and by these presents does grant, convey, assign and transfer in Trenton, New Jersey, to the trustees, their successors and assigns, the property and securities listed in Schedule A attached hereto and made a part hereof, and the Settlor reserves the right to herself from time to time to transfer and deliver to the Trustees additional property and securities, which shall be set forth in additional schedules attached to and made a part of said Schedule A, and shall become part of the trust estate and be subject to the terms of this agreement as if originally set forth herein.

2. The Trustees shall hold the property and securities hereby transferred to them and all additions thereto in trust, and shall disburse and distribute the principal and income thereof as follows:

(A.) During the life of the Settlor, the Trustees shall pay annually from the net income of the trust estate to each of the children of the Settlor the sum of twenty-five hundred dollars ($2,500.00) in convenient periodic installments not less frequently than quarterly, and shall pay the balance of the net income of the trust estate to the Settlor in convenient periodic installments not less frequently than quarterly. If any of the children of the Settlor shall predecease the Settlor leaving issue surviving, the said annual amount of $2,500.00 which such child would have received during the Settlor's life may be paid to or applied for the benefit of any one or more of the issue of such child in such amount or amounts as the trustees in their absolute discretion may determine, any of such income in any year which is not paid to, or applied for the benefit of such issue during any year shall be added to the principal of the trust estate. If the net income from the trust estate shall be insufficient in any year to pay said sum of $2,500 to each child of the Settlor and to make payments to or for the benefit of the issue of children who die during the life of the Settlor, each share of the income for that year shall be reduced proportionately.

(B.) Upon the death of the Settlor the Trustees shall divide the trust estate into as many equal shares as there are children of the Settlor then living and

children of the Settlor then deceased with issue then living; plus two equal shares if the husband of the Settlor is then living and if at that time the Settlor and her husband are living together as husband and wife. The Trustees shall allocate to each living child of the Settlor an amount equal to one of such equal shares and the Trustees shall hold such amount in a separate trust in accordance with the provisions of paragraph I of this section 2(B.). The Trustees shall allocate to the issue of each deceased child of the Settlor an amount equal to one of such equal shares and the Trustees shall hold such amount in a separate trust in accordance with the provisions of paragraph II of this Section 2(B). If the husband of the Settlor is living at the time of her death and if the Settlor and her husband are living together as husband and wife at that time, the Trustees shall allocate to such husband an amount equal to two of such equal shares and the Trustees shall hold such amount in a separate trust in accordance with the provisions of paragraph III of this Section 2(B).

Paragraphs I, II, and III of section 2(B) provided for trusts for decedent's children, their issue, and decedent's husband, and in each instance provided for the ultimate disposition of the principal, or if other contingencies occurred, of the remaining principal and undistributed income to the settlor's issue then living, such issue to take per stirpes.

The fair market value of the securities transferred in trust on June 17, 1955, was $948,124.55.

Gift taxes in the amount of $100,952.86 were paid as a result of the transfer of securities to the trust on June 17, 1955, under separate gift tax returns filed by decedent and her husband.

The net income of the trust from the date the trust was created to the date of decedent's death was $39,080.53, of which $18,206.52 was paid to the four children and $20,874.01 was paid to decedent.

The fair market value of the securities comprising the entire principal of the trust on the alternate valuation date was $803,019.32.

On Schedule G of the estate tax return listing transfers during decedent's life, this trust was listed with the following explanation:

On June 17, 1955, Mary F. Tomec created a trust by the terms of which she retained for her life the net income of the trust after providing for the payment from the net income of $2,500 a year to each of her four children. From the creation of the trust on June 17, 1955 to the date of her death on April 12, 1957 she received as her portion of the net income of the trust the sum of $20,-874.01. This results in an average annual income of $11,474.40. The amount of corpus necessary to produce this annual income at 3½% is $327,823.60 which said amount is includible in her gross estate by reason of the reservation to herself of said income for her life. The value of the assets transferred to the Trust as of June 17, 1955 was $948,124.55. On April 4, 1956 a certified copy of the Agreement of Trust was filed with the District Director of Internal Revenue, Philadelphia, Pa.

The amount of $327,823.60 was included in decedent's gross estate as representing the portion of the value of principal of the trust subject to Federal estate tax.

138

Respondent in his notice of deficiency increased the gross estate as reported by $475,195.72 as transfers during decedent's life with the following explanation:

The entire trust created by decedent on June 17, 1955 is includible as an asset of her estate at its fair market value on the optional valuation date, on the ground that it was a transfer with retention of income by decedent within the purview of Section 2036(a)(1) of the Internal Revenue Code of 1954.

Respondent allowed as a credit for gift tax paid $90,883.34 and excluded $10,069.52 on the basis of a computation determining the portion of the gift tax to be excluded by determining the portion thereof attributable to the income granted each child during the life of decedent.

Petitioner takes the position that decedent, by the trust, irrevocably disposed of a fixed annual amount of income and that under the statute,[1] respondent's regulations,[2] and *Industrial Trust Co.* v. *Commissioner*, 165 F. 2d 142 (C.A. 1, 1947), modifying 7 T.C. 756 (1946), the corpus required to support such income is not includable in decedent's estate for Federal estate tax purposes.

Respondent takes the position that under the trust instrument decedent not only reserved all income in excess of $10,000 per year but also retained the right to additional income in the event that her children predeceased her with issue surviving and the trustees,

---

[1] SEC. 2036 [I.R.C. 1954]. TRANSFERS WITH RETAINED LIFE ESTATE.

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property (except real property situated outside of the United States) to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from the property, or

[2] Sec. 20.2036–1, Estate Tax Regs. Transfers with retained life estate.

(a) *In general.* A decedent's gross estate includes under section 2036 the value of any interest in property transferred by the decedent after March 3, 1931, whether in trust or otherwise, except to the extent that the transfer was for an adequate and full consideration in money or money's worth (see sec. 20.2043–1), if the decedent retained or reserved (1) for his life, or (2) for any period not ascertainable without reference to his death (if the transfer was made after June 6, 1932), or (3) for any period which does not in fact end before his death:

(i) The use, possession, right to the income, or other enjoyment of the transferred property, or

(ii) The right, either alone or in conjunction with any other person or persons, to designate the person or persons who shall possess or enjoy the transferred property or its income (except that, if the transfer was made before June 7, 1932, the right to designate must be retained by or reserved to the decedent alone).

If the decedent retained or reserved an interest or right with respect to all of the property transferred by him, the amount to be included in his gross estate under section 2036 is the value of the entire property, less only the value of any outstanding income interest which is not subject to the decedent's interest or right and which is actually being enjoyed by another person at the time of the decedent's death. If the decedent retained or reserved an interest or right with respect to a part only of the property transferred by him, the amount to be included in his gross estate under section 2036 is only a corresponding proportion of the amount described in the preceding sentence. An interest or right is treated as having been retained or reserved if at the time of the transfer there was an understanding, express or implied, that the interest or right would later be conferred.

in exercise of discretionary authority set forth in the trust, added the amounts to corpus, and that the decedent also retained the right to additional income in the event that the issue of her children predeceased her.

Respondent contends that the situation in the instant case is distinguishable from cases involving an *inter vivos* transfer subject to a secondary life estate in the grantor where the intermediate life tenant actually survives the grantor, and contends that the rationale of cases involving such a situation supports his position in the instant case.

Respondent relies upon *Commissioner* v. *Arent's Estate*, 297 F. 2d 894 (C.A. 2, 1962), reversing 34 T.C. 274; *Commissioner* v. *Nathan's Estate*, 159 F. 2d 546 (C.A. 7, 1947), reversing 6 T.C. 604; *Marks* v. *Higgins*, 213 F. 2d 884 (C.A. 2, 1954); *Estate of Herman Hohensee, Sr.*, 25 T.C. 1258; *Estate of Florence B. Moreno*, 28 T.C. 889 (1957), affd. 260 F. 2d 389 (C.A. 8, 1958); *McNichol's Estate* v. *Commissioner*, 265 F. 2d 667 (C.A. 3, 1959); and *Skinner's Estate* v. *United States*, 197 F. Supp. 726 (E.D. Pa., 1961), on appeal (C.A. 3, Nov. 9, 1961). We think it clear from reading the trust instrument that respondent is correct that the questions involved in the cases he relies upon, except that of *Skinner's Estate* v. *United States, supra*, are distinguishable from the issue in the instant case but is in error in his argument that the rationale of those cases supports his position that the value of the entire trust corpus should be included in decedent's estate.

It is clear from the trust instrument that decedent did not retain any possession of the property transferred to the trust. We think it equally clear that decedent did not retain the *right* to the income from the portion of the property necessary to produce $10,000 annual income. Section 2(A) of the trust specifically provides that $2,500 shall be paid annually to each of decedent's children until decedent's death at which time the trustees shall make the disposition of the property set forth in the trust agreement. Respondent makes no contention that the provisions for the disposition of the property are such that decedent had some reversionary interest in the corpus of the trust.

The agreement provides that if any of the children of decedent predeceases her leaving surviving issue, the $2,500 which such child would have received during the settlor's life may be paid to such issue in the absolute discretion of the trustees, and "any of such income in any year which is not paid to, or applied for the benefit of such issue during any year shall be added to the principal of the trust estate." It is clear that as long as issue of any deceased child of decedent survived decedent, decedent had no *right* to any portion of the $2,500 income which would have been paid to such child of decedent during the child's lifetime, but in the absolute discretion of the trustees this

income could be paid out to the issue of the deceased child or added to the trust corpus.

We likewise think the reasonable interpretation of this section of the trust instrument is that if a child of decedent and all issue of that child predeceased decedent the $2,500 which otherwise would have been payable to such child of decedent during decedent's life would be added to the trust corpus and that, therefore, decedent had retained no *right* to the income from the property necessary to produce such $2,500, but only the right upon the happening of such a contingency to the income from the addition to the trust corpus of the $2,500 that otherwise would have been payable to decedent's child. The possible income which might be added to the trust corpus should one of decedent's children predecease her leaving no issue, is not a part of the property which decedent has transferred to the trust, but would constitute additional trust corpus. Decedent had retained no right to the income from the corpus of the trust necessary to support $10,000 of annual income, but had retained the right to the income for her lifetime from all the remainder of the trust corpus. This remainder of the trust corpus would, of course, include any amount of income which might have been added thereto had any child of decedent predeceased her.

Petitioner in this case does not contend that the method used on the estate tax return to compute the amount of the trust corpus includable in the gross estate is correct. It is clearly in error in that it computes as includable in the gross estate the amount of corpus necessary to produce the average yearly income actually paid to decedent during her lifetime instead of all the corpus except that necessary to produce the $10,000 yearly income to which decedent retained no right during her lifetime.

The case of *Skinner's Estate* v. *United States, supra,* involved an irrevocable trust in which the grantor provided that the net income thereof "or as much thereof as trustees, may, *in their sole and absolute discretion,* deem proper under all the circumstances for the comfortable support, and maintenance" of the grantor should be paid to her during her lifetime, the balance of the income to be paid to others. In fact the entire income had been paid to her during her lifetime. The Court in that case pointed out that the grantor had retained no right to the income of the trust since the disposition of the income was in the sole discretion of the trustees, but that the grantor had retained the enjoyment of the property for her life since the entire income was actually paid to her and for this reason held the trust corpus includable in the grantor's estate.

In the instant case respondent makes no contention that petitioner had, during her lifetime the "enjoyment" of the property to the extent

necessary to support $10,000 annual income. The facts show that she did not.

The other cases relied upon by respondent deal with varying fact situations, all of which are distinguishable from the facts in the instant case and, therefore, the holdings in these cases are not applicable here. However, in each of these cases the Court recognizes that it is only the property with respect to which the possession or enjoyment or the right to income has been retained that is includable in the decedent's gross estate under the section of the Internal Revenue laws comparable to section 2036(a) of the Internal Revenue Code of 1954. It is for this reason that where an intermediate life estate in another has been created and the other survives the decedent, all these cases have recognized as a minimum that an amount equal to the value of the intermediate life estate is not to be includable in the gross estate of the grantor of the trust. However, if the intermediate life beneficiary has predeceased the grantor, the value of the entire trust corpus has been held to be includable in the grantor's gross estate since at the date of the grantor's death the right to the income from the entire trust property is retained. See *Estate of Herman Hohensee, Sr., supra.*

Petitioner on brief contends that the value of the trust corpus at the alternative valuation date should be reduced by the amount of corpus necessary to support $10,000 annual income, and the remainder included in decedent's gross estate. Petitioner computes the amount to be excluded at $374,102.12 with the following explanation:

During the period of time the trust was in existence 18,206.52/39,080.53 of all the income went to satisfy the obligation of the trustees to pay ten thousand dollars per annum to the children. Since the fair market value of the assets of the corpus of trust for estate tax purposes was $803,019.32, the portion of the corpus to be excluded is 18,206.52/39,080.53 of $803,019.32 or $374,102.12.

Petitioner relies on *Industrial Trust Co.* v. *Commissioner, supra,* in support of using this method of computation in lieu of the $3\frac{1}{2}$ percent provided in respondent's regulations.[3]

We need not decide whether a computation based on the actual portion of a trust corpus necessary to support an amount of income might be appropriate for a trust which had been in existence many years. This is not the fact in the instant case. The experience of the trust is less than 2 years here, and is inadequate as a determination of the necessary portion of the corpus to support a $10,000 income. Having no other basis in the evidence for making such a computation, we hold that the amount of which $3\frac{1}{2}$ percent is $10,000, as provided in respondent's regulations should be used. On this basis $285,714.28

---

[3] Sec. 20.2031–7, Estate Tax Regs.

of the value of the trust corpus is excludable and the remaining $517,305.04 is includable in petitioner's gross estate.

In view of our holding with respect to the major issue, it is unnecessary to pass upon petitioner's alternative contention.

Other issues raised by the pleading have been disposed of by agreement of the parties.

*Decision will be entered under Rule 50.*