*A. S. Blake, R. M. Johnson,* and *O. H. Main,* for appellant.

———————⦁———————

## CROW *v.* EICHINGER.

| 34 | 65 |
|---|---|
| 156 | 75 |

CONSIDERATION.— *Promissory Note.— Patent Right.—Evidence.—* Suit on a promissory note given by the defendant to the plaintiff in consideration of the assignment of a patent right to the former by the latter.

*Held,* that the fact that after the date of said note another patent for the same invention was issued to another patentee, could not be shown under an answer setting up want of consideration.

SAME.—*Pleading.—Evidence.—*An answer of entire want of consideration will fail if it appear on the trial that there was any consideration, however small.

APPEAL from the Clinton Common Pleas.

DOWNEY, J.—Eichinger sued Crow upon a promissory note. Answer, first, no consideration; second and third, the same, setting out the facts. Reply by way of traverse to the special paragraphs of the answer. Trial by jury, and verdict and judgment for the plaintiff. Motion afterwards during the term, for a new trial, which was overruled, and a bill of exceptions filed showing the points which are relied upon to revese the judgment.

The first thing complained of is the exclusion of a certified copy of a patent with the accompanying drawings and

specifications, dated January 14th, 1868, to one Green, offered in evidence by the appellant. The note on which the suit was brought is dated December 4th, 1866. This note was given, in part at least, for the assignment of a patent right by the payee to the maker of the note, and which he claimed to have derived by assignment from one Clark. We do not see how the patent to Green, conceding, as was claimed by the appellant, that it was for the same, or nearly the same, invention, could affect the rights of the parties under a patent issued long before. We think the court committed no error in rejecting the evidence.

The remaining questions relate to the charges of the court to the jury, and to the sufficiency of the evidence to support the verdict of the jury. We have examined the charges and do not discover any objection to them.

The evidence shows that there was a balance due from the appellant to the appellee growing out of sales of the patented article, made before the note was executed, which entered into and formed part of the consideration of the note. Both of the parties, who were witnesses on the trial, swear to this, though they differ as to the amount. As all the paragraphs of the answer set up an entire want of consideration, the defense was, for this reason, not made out. This rule, so far as the decisions of this court are concerned, depends upon the authority of the case of *Wheelock* v. *Barney*, 27 Ind. 462, citing *Kernodle* v. *Hunt*, 4 Blackf. 57.

About twenty months elapsed from the date of the note until the suit was brought on it, and it does not appear that Crow took any steps to rescind the contract, or that he ever tendered a reconveyance of the territory conveyed to him at the time of executing the note. The note imported a consideration, The *onus* was on the appellant. We think the evidence was sufficient.

The judgment is affirmed, with five per cent. damages and costs.

*J. N. Sims* and *C. Sims*, for appellant.

*F. B. Everett* and *R. P. Davidson*, for appellee.