## CASON ET AL. *v.* MEGEE.

[No. 11,517. Filed May 11, 1923.]

1. TRIAL.—*Verdict.*—*Construction.*—A verdict for plaintiff determines in his favor all the issues joined, both on the complaint and the answers. p. 628.
2. BILLS AND NOTES.—*Action on Check.*—*Defenses.*—*No Consideration.*—*Requisites.*—In an action on a check, a defense of no consideration fails if it is shown that there was any consideration whatever. p. 628.
3. BILLS AND NOTES.— *Action on Check.*— *Verdict Contrary to Law.*—*Insufficiency of Award.*—In an action on a check for $250, defended on the ground of no consideration, a verdict in plaintiff's favor for one dollar is contrary to law, since it amounts to a finding that there was at least some consideration entitling plaintiffs to recover the full amount of the check, and the judgment must be reversed. p. 628.

From Fayette Circuit Court; *Will M. Sparks,* Special Judge.

Action by W. S. Cason and Arthur M. Cox, doing busi-

ness under the firm name and style of Cason & Cox, against Oliver Megee. From the judgment rendered, the plaintiffs appeal. *Reversed.*

*Chauncey W. Duncan* and *J. Edwin Johnson,* for appellants.

*John D. McGee* and *William L. Newbold,* for appellee.

NICHOLS, C. J.—Action by appellants upon a check which, omitting its endorsements, is as follows:

"Rush County National Bank, December 6, 1916.
Rushville, Indiana.
    Pay to Cason & Company, Attorneys...........
or order............................$250.00.
Two Hundred and Fifty Dollars.
For a/c Amanda L. Waits.
                            (Signed)  Oliver Megee."

Appellee answered by a general denial, an affirmative second paragraph of no consideration, and a third to the effect, as expressed in its conclusion that appellee, at the time the check was given, was not indebted to appellants in any sum whatever. After appellants' reply in denial and affirmative replies which we do not need to set out, the cause was submitted to a jury for trial which returned a verdict for appellants in the sum of one dollar.

Appellants assign as error the court's action in overruling their motion for a new trial, the reasons for which, that we need to consider were that the 1-3. verdict was contrary to law, and the amount of the recovery too small. The verdict for appellants determined all issues joined in their favor, both on the complaint and the answers. 1 Watson, Revision Work's Prac. §1891. By their verdict of one dollar in favor of appellants the jury found that there was some consideration for the check. An answer of no consideration, as here, advised the court that the check sued on was not enforceable because it had no

foundation to rest upon, and it has been repeatedly held that, under such a plea, the defense will fail if it is shown that there was any consideration whatever. *Shirk* v. *Neible* (1901), 156 Ind. 66, 75, 59 N. E. 281, 83 Am. St. 150; *Wheelock* v. *Barney* (1867), 27 Ind. 462; *Crow* v. *Eichinger* (1870), 34 Ind. 65; *Kernodle* v. *Hunt* (1835), 4 Blackf. 57. Under the pleadings, if appellants were entitled to recover anything, they were entitled to recover the full amount of the check plus the protest fees. The verdict was contrary to law.

Judgment reversed with instructions to grant a new trial.