CARTER ET AL. *v.* AMERICAN TRUST COMPANY, GUARDIAN.

[No. 11,971. Filed March 31, 1925.]

1. GUARDIAN AND WARD.—*Duties and powers of guardians of spendthrifts same as guardians of infants and persons of unsound mind.*—Under the provisions of §3111d Burns 1914, the duties and powers of a guardian of a person adjudged to be a spendthrift are the same as those of guardians of infants and persons of unsound mind. p. 589.

2. GUARDIAN AND WARD.—*Practice defined in disputed claims against a ward's estate.*—A disputed claim against the estate of a ward under guardianship should be presented by a petition in the form of a complaint against the guardian in a court having jurisdiction of the estate. p. 589.

3. TRUSTS.—*Proceeds of land conveyed in trust for grantor's own benefit are subject to claims of creditors.*—Under the express provisions of §7480 Burns 1914, §4921 R. S. 1881, all conveyances and transfers made in trust for the use of the grantor are void as to existing or subsequent creditors, from which it follows that the proceeds of a sale by the trustee of land so conveyed turned over to a guardian appointed for the *cestui que trust* adjudged a spendthrift are subject to claims of creditors. p. 589.

4. BILLS AND NOTES.—*Finding for plaintiff for one-third of amount due on note sued on was improper where no plea of partial failure of consideration was filed.*—In an action on a promissory note, in which there was a plea of want of consideration but none of partial failure of consideration, or set-off or counterclaim, there could not properly be a finding for part of the amount of the note, as there could not be a finding of partial failure of consideration under the plea of no consideration. p. 590.

5. BILLS AND NOTES.—*Partial failure of consideration cannot be found under plea of no consideration.*—In action on note, court or jury cannot find partial failure of consideration under plea of no consideration. p. 590.

From Howard Circuit Court; *John Marshall,* Judge.

Action by Bert Carter and another against the American Trust Company, Guardian of Ernest C. Wood. From a judgment in favor of plaintiffs for an unsatisfactory amount, the plaintiffs appeal. *Reversed.*

*Homer R. Miller, Rex E. Ballenger* and *Dewey E. Kelly,* for appellants.

*Don P. Strode,* for appellee.

REMY, J.—In 1915, Ernest Wood inherited from his parents certain land of the value of $8,000. At or near the time that he came into possession of the inheritance, Wood, acting on the advice of friends, and to avoid being placed under guardianship as a spendthrift, conveyed the land to the Farmers Loan and Trust Company, in trust for his own use. Later the real estate was sold by the trustee, and the proceeds invested in bonds. Following his execution of the deed of trust, Wood took employment with appellants who were engaged in a general transfer business. On December 15, 1918, Wood purchased of appellants the property used by them in their business, including wagons, harness, teams, feed, one automobile and other property, and, in consideration therefor, gave to appellants his promissory note for $2,500, payable on demand. Thereafter on May 5, 1922, Wood was adjudged a spendthrift, and appellee appointed as his guardian. As such guardian, appellee took possession of all the property of Wood, including the bonds. The note not having been paid, appellants, on April 1, 1923, commenced this proceeding in the Howard Circuit Court, by filing a petition in the form of a complaint against appellee

as guardian, setting forth the execution of the note by Wood prior to the appointment of appellee, and that the same was due and unpaid, although demand for payment had been made, both upon appellee and Wood, before the proceeding was commenced. Appellee appeared and filed an answer in four paragraphs: (1) Denial; (2) failure of consideration; (3) setting up facts as to conveyance of the land to the Farmers Loan and Trust Company in trust for his own use, and asserting that the bonds came to appellee impressed with a trust created by Wood's deed of conveyance; and (4) that the note was procured by fraud. To the affirmative answers, appellants replied in denial.

Trial by the court resulted in a judgment for $838.50, the court adjudging that the bonds were "impressed with the trust created by the trust deed * * * and not subject to the payment of the judgment."

The duties and powers of a guardian of a person adjudged to be a spendthrift are, in this State, the same as those of guardians of infants and persons of unsound mind. Acts 1911 p. 533, §3111d Burns 1914.

1. This court has held that the proper practice in this jurisdiction requires that undisputed claims against a ward's estate be presented by a petition in the form of a complaint against the guardian in a court having jurisdiction of the ward's estate and of the person of the guardian. *Stewart* v. *White* (1909), 44 Ind. App. 87, 88 N. E. 716.

2. It is expressly provided by §18 of the Statute of Frauds (§7480 Burns 1914, §4921 R. S. 1881) that conveyances or transfers made in trust for the use of the grantor are void as to existing or subsequent creditors. Under this statute, the trust deed of Wood to the Farmers Loan and Trust Company was, as to appellants, of no effect. It follows that the

trial court erred in its decision that the bonds, which were the proceeds of the land conveyed in trust, were impressed with the trust, and not subject to the payment of the judgment.

Under the issues presented by the pleadings, the judgment for $838.50 is necessarily contrary to law. The action was on a note which called for $2,500 and interest. There was no answer of partial failure of consideration. No counterclaim or set-off was pleaded. The court could not have found a partial failure of consideration, under the plea of no consideration. *Cason* v. *Megee* (1923), 79 Ind. App. 627, 139 N. E. 293; *Crow* v. *Eichinger* (1870), 34 Ind. 66. Under the issues as formed, the judgment should have been for plaintiffs for the full amount of the note, or there should have been a finding and judgment for defendants.

Reversed.