ESTATE OF EDGAR M. UHL, DECEASED, THE NATIONAL CITY BANK OF EVANSVILLE, ADMINISTRATOR, WITH WILL ATTACHED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53695. Filed October 17, 1955.

*Henry B. Walker, Esq.,* for the petitioner.
*John L. Carey, Esq.,* for the respondent.

OPINION.

BRUCE, *Judge:* The issue presented is whether petitioner's decedent retained for his life "the right to the income from, the property," conveyed in trust in 1938 within the purview of section 811 (c) (1) (B), Internal Revenue Code of 1939,[1] so as to cause the entire corpus of the trust to be includible in his gross estate.[2] The trust instrument provides:

> The said Trustee shall monthly pay to the Grantor during his lifetime, the sum of One hundred dollars ($100.00) per month, provided however, that the Trustee may in his discretion and after consultation with Louis C. Uhl, pay a greater sum than One hundred dollars ($100.00) per month if it shall seem advisable and provided further, that said sum so paid shall not in any event exceed the amount of net income received from said property.

Petitioner contends that the decedent retained the right to the income of the trust to the extent of only $100 per month and that only a corresponding portion of the trust corpus is includible in the gross estate.[3] Respondent contends, among other things, that the decedent retained the right to all of the income including that portion which was distributable to him in the discretion of the trustee. The only matter in dispute therefore is whether the decedent retained the right to income which was distributable to him in the discretion of the trustee.

We are of the opinion that the decedent in the instant case retained the right to the trust income which was to be distributed to him in the discretion of the trustee. While the decedent may not have

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT, DEATH.—

(1) GENERAL RULE.—To the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise—

\* \* \* \* \* \* \*

(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession or enjoyment of, or the right to the income from, the property, or (ii) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom ; \* \* \*

[2] The Commissioner's determination was made pursuant to section 811 (c) (1) (B) and not (C) as stated on brief by petitioner. Section 811 (c) (2) has no application. *Estate of Carolyn Peck Boardman,* 20 T. C. 871, 875 (on appeal C. A. 2).

[3] See Treasury Regulations 105, sec. 81.18 ; *Estate of Ernest Hinds,* 11 T. C. 314, affd. (C. A. 5) 180 F. 2d 930 ; *Industrial Trust Co.* v. *Commissioner,* (C. A. 1) 165 F. 2d 142, reversing in part 7 T. C. 756 and 8 T. C. 284.

been able to force the trustee to distribute the income to him, nevertheless he could have reached the full amount of the trust income through his creditors. Restatement, Trusts, sec. 156 (2) (1935) states the general rule that

Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.

See also *Ware* v. *Gulda*, 131 Mass. 68, 117 N. E. 137; *Greenwich Trust Co.* v. *Tyson*, 129 Conn. 211, 27 A. 2d 166; *Petty* v. *Moores Brook Sanitarium*, 110 Va. 815, 67 S. E. 355; *Menken* v. *Brinkley*, 94 Tenn. 721, 31 S. W. 92; Griswold, Spendthrift Trusts (2d ed.), sec. 481; 1 Scott, Trusts, sec. 156.2. The case of *Herzog, Trustee* v. *Commissioner*, 116 F. 2d 591, affirming 41 B. T. A. 509, is distinguishable as the trustee in that case could distribute the income to another beneficiary, excluding the grantor entirely. Cf. *Alice Spaulding Paolozzi*, 23 T. C. 182, 187; Griswold, *supra;* 6 American Law of Property, sec. 26.123, n. 3; 1 Scott, *supra*, 1954 supplement, sec. 156.2, n. 3. But see *Greenwich Trust Co.* v. *Tyson, supra.*

The trust in question was, of course, governed by the law of Indiana, and we have been unable to find and the parties have not cited any Indiana case directly in point. We assume, however, that the Indiana courts would follow the general rule. Some support for this assumption is found in the fact that Burns, Indiana Statutes, Annotated, sec. 33–409, provides:

All deeds of gift, conveyance, transfers or assignments, verbal or written, of goods or things in action, made in trust for the use of the person making the same, shall be void as against creditors, existing or subsequent, of such person.

The above statute was given effect in favor of a subsequent creditor in *Carter* v. *American Trust Co.*, 82 Ind. App. 587, 147 N. E. 158; and almost the identical statute was construed by the Supreme Court of Alabama to permit a creditor to reach income which was distributable to the grantor in the discretion of the trustee. *Henderson* v. *Sunseri*, 234 Ala. 289, 174 So. 767.

As the decedent's creditors could have reached the income which was distributable to him in the trustee's discretion, the decedent could have obtained the enjoyment and economic benefit of such income by the simple expedient of borrowing money or otherwise becoming indebted, and then relegating the creditor to the trust income for reimbursement. This was held to constitute sufficient retention of dominion and control over the income of a trust to bar the imposition of a gift tax on property transferred in trust to the extent of the value of the life estate in *Alice Spaulding Paolozzi, supra.* We are of the opinion that it also constitutes a sufficient retention of "the

right to the income" to satisfy the requirements of section 811 (c) (1) (B) and to cause the entire corpus to be includible in the gross estate.

*Decision will be entered under Rule 50.*