In re ESTATE of Edgar M. UHL, Deceased.

The NATIONAL CITY BANK OF EVANS-VILLE, Administrator, With Will Attached, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 11790.

United States Court of Appeals
Seventh Circuit.

March 13, 1957.

Henry B. Walker, Jr., Henry B. Walker, William D. Powell, Evansville, Ind., for petitioner-appellant.

Charles K. Rice, Asst. Atty. Gen., Arthur I. Gould, L. W. Post, Attys., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before FINNEGAN and LINDLEY, Circuit Judges, and WHAM, District Judge.

LINDLEY, Circuit Judge.

The deceased, Edgar M. Uhl, died testate March 7, 1951. On March 2, 1938, he transferred, by an irrevocable trust indenture to an Indiana bank, personal property consisting principally of Government bonds but including also some stocks. Under this instrument, he reserved $100.00 monthly from the income from the corpus vested in the trustee, but retained no control over the property. Upon termination of the trust, by his death, the property was to be divided equally between a nephew and two nieces.

The controversy presented is whether the value of the entire trust estate, $84,217.42, is subject to a federal estate tax as a part of the decedent's gross estate. The Commissioner held in the affirmative and levied a deficiency which was approved by the Tax Court. The petitioner admitted then and admits now that that part of the estate necessary to produce the income of $100 a month was properly included in the settlor's gross estate. This amount was $50,218.85, or 59.63% of the corpus. Though agreeing that a federal estate tax was due upon this amount, he denies that the rest of the trust property could properly be included in the settlor's estate at the time of his death. The Tax Court held that the entire corpus should be included in the decedent's estate and approved a deficiency in the sum of $9,265.99 as the additional tax due as a result of inclusion of the questioned amount of 40.37%. In its decision the Tax Court relied upon a provision of the trust agreement that: "The trustee may in his discretion * * * pay a greater sum than $100.00 a month if it shall deem advisable."

The Tax Court did not find that the settlor had retained for his own use and in his own right more than $100.00 a month, but held that, in view of the fact that, as it thought, at the time the trust agreement was executed, the Indiana law was such that creditors of the settlor, if any there were, or if any had come into existence, might have successfully brought suit to reach all the income from the trust, saying: "As the decedent's creditors could have reached the income which was distributable to him in the trustee's discretion, the decedent could have obtained the enjoyment and economic benefit of such income by the simple expedient of borrowing money or otherwise becoming indebted, and then relegating the creditor to the trust income for reimbursement," and holding that, therefore, the trust contained sufficient retention of the settlor's right to all the income to satisfy the requirements of Sec. 811(c) (1) (B) and thereby make the entire corpus includable in the decedent's gross estate.

The pertinent sections of the Revenue Act, § 811(c) (1) (B), 26 U.S.C. 1952 Ed., Sec. 811, provide that, the value of the decedent's gross estate shall include any interest of which he has made a transfer, under which he has retained for his life or for any period not ascer-

tainable with reference to his death, or for any period which does not in fact end before his death, "the possession or enjoyment of or the right to income from the property." It seems obvious that, under this section, by the retention of $100.00 a month the settlor reserved a right to the income from the property to that extent, and that, so far as retention of other interest by him was concerned, the balance of the trust estate was removed from his dominion or control, so that, in the absence of any other factors affecting the result, the only part of the trust estate which should have been included in his gross estate at the time of his death was that part which represented the income to the receipt of which he retained the right, and that the amount of the estate irrevocably conveyed to the trustee and eventually to beneficiaries was a completed gift which thereafter remained no part of his estate. While no cases under the federal estate tax law have dealt with this precise question, both parties seem to admit that the gift tax law is in *pari materia* with that governing estate taxes. The Supreme Court has so indicated in Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. Consequently, we look to the precedents under the gift tax law.

In Herzog v. Commissioner, 2 Cir., 116 F.2d 591, 593, the grantor had executed an irrevocable trust which gave to the trustee the choice, in its discretion, of paying the income either to the settlor or his wife. The question presented was whether this discretionary power of the trustee amounted to a reversion in the settlor of the right to enjoyment of the income or whether the title had vested in the trustee exclusive of any such right. The court said: "It was only by virtue of the trustee's direction, which on this record must be regarded as entirely voluntary, that the donor received any of the income; and this direction might be terminated whenever the trustee deemed it proper that the wife should receive the income. Such a hope or passive expectancy is not a right. It is not enough to lessen the value of the property trans-

ferred." In Rheinstrom v. Commissioner, 8 Cir., 105 F.2d 642, 648, 124 A.L.R. 861, the taxpayer had executed a trust irrevocably transferring property for the benefit of taxpayer and her four children. The taxpayer retained a life interest in 40% of the net income. 50% was to be paid to the beneficiaries, and the remaining 10% was to be held by the trustees with discretion to pay to taxpayer such part thereof as to the trustees might seem best. The court held that the taxpayer had retained no legal interest in the 10%, saying: "Whether she would ever receive any of this reserve fund depended entirely upon the trustees, over whose acts she retained no control. The fact that the record shows that they have paid it to her or used it for her benefit, we do not consider of importance. By the terms of the trust instrument, they might distribute all or part of the reserve fund to her during her lifetime, or they might withhold all of it." It added that no one could compute the value of the taxpayer's hoped for expectation that her trustees would ever pay over to her an amount in addition to the enjoyment which she reserved. The Tax Court itself, in the estate of Ben F. Hazelton, Jr., v. Commissioner, Memorandum Decision, Sec. 40,425, relying upon both Rheinstrom and Herzog, followed the same rule, saying: "Whether he would enjoy any of the income of the trust depended entirely upon the uncontrolled discretion of the Advisory Committee. His hope or expectancy that such committee might, in the language of the trust instrument, deem payment to him to be necessary for his suitable comfort and support and conducive to his general welfare, is not a right."

We conclude, therefore, that no part of the trust estate, the income from which was not reserved to the grantor, should have been included in the gross estate, in view of the fact that the settlor reserved no right to compel the trustee to pay him any sums other than $100.00 a month, and the trustee was under no duty to pay him more than that.

■ The Tax Court did not hold otherwise, but based its decision upon the theory that the settlor's creditors, by proper litigation, might have reached all of the corpus of the estate including that over which the taxpayer had retained no control, saying: "While the decedent may not have been able to force the trustee to distribute the income to him, nevertheless he could have reached the full amount of the trust income through his creditors." It reasoned that, though it had found no Indiana case in point, that state would probably hold that the corpus could be reached by the settlor's creditors, and that such a possibility constituted retention of the right to all the income on the part of the settlor. Of course, such a right, if it existed, was the right of the creditors, not that of the grantor.

The Indiana Statute, Burns' Indiana Statutes Annotated, Sec. 33–409, provides that all deeds of gift "made in trust for the use of the person making the same" shall be void as against creditors existing or subsequent. This provision is a part of the Indiana Statute of Frauds, enacted in 1852. It is entitled "An act for the prevention of frauds and perjuries," and requires certain contracts to be in writing and declares certain conveyances void. Section 21 provides that the question of fraudulent intent in all cases arising under the act shall be deemed a question of fact. The legislative purpose, as disclosed by the title and the statute itself, was to prevent debtors from intentionally defrauding creditors by the fraudulent conveyance of property.

The Tax Court cited an Indiana Case, Carter v. American Trust Company, 82 Ind.App. 587, 147 N.E. 158. There the settlor, to avoid being charged as a spendthrift, conveyed land to a bank in trust for his own use. Thereafter the lands were sold and the proceeds invested in bonds. The settlor beneficiary bought other property and gave therefor his note payable on demand. He was later adjudged a spendthrift, and a guardian appointed for him. The payee of the note brought suit against the guardian, who defended on the ground that the trust property was not subject to payment of the payee's judgment. The court found as a fact that the transfer was a fraud in violation of the statute. It does not appear that the trust indenture created any remainder interest and, as the court observed, the conveyance was "for his own use." It is apparent from the opinion that the settlor retained the entire beneficial interest in all trust property, at least all the enjoyment and use thereof. Thus, as the statute plainly applies to conveyances in trust for the use of the person making the same, and as there were no third party beneficiaries, the entire trust estate was held for the sole enjoyment and benefit of the settlor, and the conveyance was void as against the demands of the grantor's creditors.

Unfortunately, this decision does not solve our problem. Here, that part of the estate the income from which the settlor did not enjoy was not held for his use. Therefore, it was not within the statute of Indiana. The Indiana case had to do with a trust where the enjoyment of all the trust property was retained in the settlor. In the present case that part of the estate other than the part necessary to produce the $100.00 a month income was not put in trust for the benefit, use or enjoyment of the settlor. He parted with dominion over it forever. Even granting that, under the Indiana authorities, that part of the estate which produced his $100.00 a month might have been reached by his creditors, the statute itself does not apply, under its express terms, to property or the income therefrom over which the settlor retained no dominion and no control. All that part of the corpus of the estate was, after the creation of the trust, the property of the beneficiaries, subject only to an uncontrolled discretion in the trustee to divert to the settlor something the settlor could not have compelled the trustee to give him. Consequently, on the face of the record, the Indiana Statute has no application. It should be observed also that, in Indiana, in order to avoid a

transfer, fraud must be proved as a fact. Here there is not the slightest inference to be drawn from the record that any part of the corpus of the estate was conveyed for the purpose of defeating creditors.

We conclude that the Commissioner properly levied a deficiency estate tax for that part of the corpus necessary to produce the $100.00 a month. But the remainder of the corpus, over which the control of the settlor had ended, subject only to an uncontrolled discretion in the trustee, did not remain his property until his death but passed to the grantee at the time of the creation of the trust without hindrance or suspicion of any fraudulent intent. The decision is reversed and the cause remanded with directions to proceed in conformity with the announcements of this opinion.