**ESTATE of Maria M. Coxe SKINNER, Deceased, Neil McFee Skinner and Girard Trust Corn Exchange Bank, Executors, Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 24564.**

United States District Court
E. D. Pennsylvania.

Sept. 18, 1961.

---

Donald E. Hogeland, Philadelphia, Pa., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Lyle M. Turner, Jerome Fink, Marvin B. Haiken, Attorneys, Department of Justice, Washington 25, D.C., Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for defendant.

LAYTON, District Judge.

This is an action by the executors of an estate for the refund of federal estate taxes in the amount of $34,477.23, plus interest, alleged to have, been illegally collected in connection with an estate tax return filed in 1954.

The relevant facts have been stipulated and are not in controversy. On March 5, 1936, Maria M. Coxe Skinner (the decedent herein) executed an irrevocable trust to conserve certain interests and property "for the benefit of herself", her surviving issue, a brother, and next of kin. Plaintiff, Girard Trust Corn Exchange Bank (suing as executor here) and Marcel A. Viti were named corporate and individual trustees, respectively. The pertinent part of the Trust instrument provided that the trustees were to pay the decedent settlor " * * * the net income of the said estate, or so much thereof as trustees, may, *in their sole and absolute discretion,* deem proper under all the circumstances for the comfortable support, and maintenance of the [settlor], and after making such payment from income for her, *or in the exercise of their discretion as aforesaid, without making such payments for her,* to pay the net income, or the balance thereof, to [her lawful issue and other relatives]."

Shortly after the establishment of the 1936 Trust, the settlor filed a gift tax return for the year 1936 and attempted to exclude from a schedule of assets transferred by the Trust the value of her retained life estate. In January, 1938, the Commissioner assessed a gift tax deficiency based on disallowing exclusion of this alleged life interest in the income. The settlor was advised by the Commissioner as follows:

" * * * In view of the absolute discretionary power vested in the trustees, it is considered that you did

not reserve a life estate in the trust, and the amount of the income that may be paid to you by the trustees is not susceptible of an accurate determination. Accordingly, no deduction is allowed for the life estate claimed."

An agreement was reached whereby an additional gift tax of $3,905.05 was paid.

The settlor died on January 12, 1953. During her life she had in fact received all the income from the Trust. On April 14, 1954, a federal estate tax return was filed for her estate reflecting a gross estate of $176,283.45, a net estate of $23,819.97, and a net tax due of $10,379.03. This amount was duly paid. The tax return disclosed but did not include in the gross estate the value of the corpus of the Trust created in 1936. The value of that corpus on the date of decedent's death was $126,642.11.

Upon audit and examination of the return, the executors of the estate were assessed additional estate taxes computed principally by including in the settlor's gross estate the value of the corpus of the 1936 Trust. The amount of the additional tax assessed was $30,601.71 plus interest of $3,875.53, or a total of $34,477.23, which amount was paid on May 23, 1956. In computing the estate tax deficiency, the Commissioner allowed a credit of $3,905.05 because of the gift tax paid by the settlor in 1938.

The only issue here is the correctness of the Commissioner's inclusion of the 1936 Trust corpus in the gross estate of the decedent settlor. Under the applicable statute, the Commissioner must be upheld if the settlor *"retained for his life * * * or for any period which does not in fact end before his death * * * the possession or enjoyment of, or the right to the income from, the property * * *."* Section 811(c) (1) (B) (i) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(c) (1) (B) (i). It can be easily seen that this statute states three alternatives under each one of which property may be included in the gross estate: (1) if the decedent retains the "possession" of the property transferred or (2) "enjoyment" of the property or (3) the "right to the income" from the property. Under the Trust instrument it appears that actual possession of the Trust corpus was irrevocably and completely transferred to the trustees. Therefore, this statutory route cannot be used to support the Commissioner's inclusion of the Trust corpus in the gross estate. The "right to income" clause likewise does not support the Commissioner. The absolute discretion reposed in the trustees to pay the income to the settlor or to other designated beneficiaries makes it difficult to say that the settlor reserved any "right" to income from the property. There is no doubt Congress intended that if the settlor had retained a right to the income for life, the corpus of the Trust would have been swept into her estate even though no penny of income had actually been received by her. Sen. Rep. No. 665, 72d Cong. 1st Sess. 49 (1932); H.R.Rep. No. 708, 72d Cong. 1st Sess. 50 (1932). Cf. Helvering v. Hallock, 1940, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604. In the case at bar, the converse situation is presented—all the income from the Trust corpus was received and enjoyed by the settlor, even' though she had no legally enforceable right to it under applicable state law.

Plaintiffs urge that the absence of a "right" to the income is fatal despite its uninterrupted receipt by the settlor during her life. But this argument, and all the cases cited to demonstrate the lack of an enforceable legal "right" to income under applicable state law, overlooks the alternative structure of Section 811(c) (1) (B) (i) as just outlined above. By the plain terms of the statute, the Trust corpus must still be included in the settlor's gross estate if she retained "enjoyment" of the property for a period which did not in fact end before her death, even though she did not retain a "right to the income" from the property. The scope of our inquiry is therefore narrowed to asking whether receipt of all the income from trust property is equiva-

lent to "enjoyment * * * of the property."

There is recent authority in this Circuit for the proposition that the mere receipt of income is equivalent to enjoyment of the property producing the income.

"If, as was said in Commissioner v. Estate of Church, supra, 335 U.S. at page 645, 69 S.Ct. 322, the most valuable property attribute of stocks is their income, it is no less true that one of the most valuable incidents of income-producing real estate is the rent which it yields. He who receives the rent in fact enjoys the property. Enjoyment as used in the death tax statute is not a term of art, but is synonymous with substantial present economic benefit. * * * Under this realistic point of view the enjoyment of the properties which the decedent conveyed to his children was continued in decedent by prearrangement and ended only when he died." McNichol's Estate v. Commissioner, 3 Cir., 1959, 265 F.2d 667, 671.

In the McNichol case, a decedent executed trust deeds conveying to his children income-producing real estate with no reservation of interests in the realty or rents to him, but he entered into contemporaneous oral agreements with his children under which he was entitled to receive the rents until he died, and he actually did receive all of the income until he died. The Court of Appeals held that the decedent enjoyed the property in fact until death and that, therefore, it should be included in his gross estate.

Except for the presence of the unenforceable oral agreement between the settlor and his children, McNichol is flat authority for the proposition that the actual fact of uninterrupted receipt of all income, arising from the trust property amounts to a retention of "enjoyment" within the meaning of the statute. But the McNichol court apparently had doubts whether the receipt of all income from the property alone is sufficient, without the oral agreement, to satisfy the "enjoyment" clause. The court said:

"We intimate no opinion as to whether we would have followed these decisions if, in the case before us, the decedent had received the rents following the transfer without an agreement with his children that he might do so." 265 F.2d at page 671, Note 6.

In the case at bar, there is no direct evidence of an oral agreement between trustee and settlor. This Court shares doubts intimated by the Court of Appeals whether such an oral agreement is necessary before there can be "enjoyment" within the meaning of the statute. Section 811(c) (1) (B) (i) says that enjoyment must be "retained" by the settlor. The word "retained" implies that the settlor has not given something away at the time he signed the trust agreement. To "retain" enjoyment does not necessarily mean retention of a legally enforceable "right" to income, but it does suggest the need for prearrangement, or informal agreement comparable to the oral agreement in the McNichol case, and not just receipt of the income alone.

However, the court believes that the necessary prearrangement between settlor and trustee can be inferred from the evidence in this case. It will be recalled that in 1936, the settlor filed a gift tax return attempting to exclude from a schedule of assets transferred by the Trust the value of her retained life interest. Thus, in 1936, the settlor thought she had a life interest in the income from the Trust. In actual fact, the settlor did receive the income for life. These two circumstances coupled together create a strong inference that there existed an understanding between the settlor and the trustee that the trustee's so-called "discretion" would be exercised exclusively in favor of the settlor for her life. The court, therefore, infers that an informal prearrangement comparable to that made in the McNichol case was made, and that settlor "enjoyed" the property within the meaning of the statute. Consequently, the Trust corpus must be in-

cluded in the decedent settlor's estate according to law.

 The court is aware that the holding in this case places a heavy burden upon the estate of a settlor of a discretionary trust to avoid the inference of secret prearrangements with the trustee when the settlor has in fact received all income during his life. However, any other holding would permit easy evasion of the estate tax. Most settlors would have no trouble finding a trustee friendly to his interests who could be counted on to honor informal prearrangements to exercise "absolute discretion" over income payments in favor of the settlor during his life. The existence of such prearrangements is difficult at best for the government to prove. Therefore, the court must go beyond the form in which the agreement is drawn, McNichol's Estate v. Commissioner, 3 Cir., 1959, 265 F.2d 667, 673, and, looking to the substance of the matter, draw reasonable inferences from the evidence that such a prearrangement did exist.

The holding here does not necessarily cover facts where, in the exercise of the trustee's "discretion", the settlor has received the entire income for life but there is no evidence from which any prearrangement can be inferred; or where the settlor has received only a part of the income from the trust property, and at irregular intervals and in irregular amounts; or under any other circumstances in which the election of the trustee to pay income regularly to the settlor apparently was not foreordained at the time of the execution of the trust. However, the fair conclusion in the case at bar is that the settlor "retained the enjoyment" of the property within the meaning of Section 811(c) (1) (B) (i) of the statute. McNichol's Estate v. Commissioner, 3 Cir., 1959, 265 F.2d 667.

While some of the language in In re Uhl's Estate, 7 Cir., 1957, 241 F.2d 867, arguably may conflict with the conclusion here reached, it should be borne in mind that the facts were quite different in that case. True, the Trust instrument gave absolute discretion to the trustee over income payments in excess of $100 monthly. But the trustee apparently exercised his discretion in favor of the settlor in only two out of the eight years of the Trust's duration, and during these two years the discretionary payments were irregular and were never paid directly to the settlor, but indirectly, for medical expenses. See the table of income payments set out in Uhl's Estate v. Commissioner, 1955, 25 T.C. 22, 23.

Order in accordance with this opinion.