**AROUND THE WORLD SHOPPERS CLUB, Appellant,**

v.

**UNITED STATES of America.**

No. 13895.

United States Court of Appeals Third Circuit.

Argued Oct. 5, 1962.

Decided Oct. 18, 1962.

Rehearing Denied Nov. 9, 1962.

Daniel Gersen, New York City (Max L. Rosenstein, Newark, N. J., and Leonard Speir, New York City, on the brief), for appellant.

Donald P. Horwitz, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., on the brief), for appellee.

Before STALEY and FORMAN, Circuit Judges, and LANE, District Judge.

PER CURIAM.

The issue dispositive of this appeal is whether certain sales made by the appellant to its members took place within the United States. The parties agree that if this is so, appellant is subject to the Retailers Excise Taxes imposed by the Internal Revenue Code of 1954, §§ 4001–4058, 26 U.S.C.A. §§ 4001–4058.

Based on a stipulation of facts, the district court concluded that the sales occurred in this country. Of course, since this conclusion constitutes an ultimate finding of fact, it is subject to review free of the restraint of the "clearly erroneous" rule applicable to ordinary findings of fact. Philber Equipment Corp. v. Commissioner, 237 F.2d 129 (C.A.3, 1956). However, as this court held in Pennroad Corp. v. Commissioner, 3 Cir., 261 F.2d 325, 328, certiorari denied sub nom. Madison Fund, Inc. v. Commissioner, 359 U.S. 958, 79 S.Ct. 797,

3 L.Ed.2d 766 (1959): "* * * where the ultimate fact reasonably flows from the basic facts and especially where the basic facts are persuasive of the ultimate fact so found, this court will not disturb the finding of the trial court." Accord, Simon v. Commissioner, 285 F.2d 422 (C.A.3, 1960); Heebner v. Commissioner, 280 F.2d 228 (C.A.3), certiorari denied, 364 U.S. 921, 81 S.Ct. 285, 5 L.Ed.2d 260 (1960).

Here, the district court's ultimate conclusion was premised on a subsidiary determination that the parties intended title to pass upon delivery to the purchaser in this country. In view of the stipulation we cannot say that this finding was clearly erroneous. Hence, the ultimate finding was a permissible one and clearly meets the criteria set forth in Pennroad.

The judgment of the district court will be affirmed.