**ESTATE of Maria M. Coxe SKINNER, Deceased, Neil McFee Skinner and Girard Trust Corn Exchange Bank, Executors, Appellants,**

v.

**UNITED STATES of America.**

**No. 13841.**

United States Court of Appeals Third Circuit.

Argued April 3, 1962.

Reargued Nov. 23, 1962.

Decided April 11, 1963.

As Amended May 21, 1963.

518

Donald E. Hogeland, Philadelphia, Pa., for appellants.

Loring W. Post, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attorneys, Department of Justice, Washington, D. C., Drew J. T. O'Keefe, U. S. Atty., Joseph H. Reiter, Asst. U. S. Atty., on the brief), for appellee.

Before BIGGS, Chief Judge, GANEY, Circuit Judge, and SHERIDAN, District Judge.*

BIGGS, Chief Judge.

The issue presented on this appeal is whether the decedent-settlor retained for her life the enjoyment of property, the corpus of an inter vivos irrevocable trust, so as to make the corpus includible in her gross estate for estate tax purposes within the purview of Section 811(c) (1) (B) (i) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811(c) (1) (B) (i).[1]

---

* Judge SHERIDAN sat in this case but took no part in its decision.

1. Section 811 provides
"Gross estate.
"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *.
"(c) Transfers in contemplation of, or taking effect at, death

"(1) General rule. To the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust or otherwise—* * *

"(B) under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (i) the possession of enjoyment of, or the right to the income from, the property * * *."

The stipulated facts are as follows. On March 5, 1936, the decedent, Maria M. Coxe Skinner, then unmarried[2] and a Pennsylvania resident, set up a trust, as we have indicated, and provided by the trust instrument that the trustees were "To collect the interest, income, dividends, and profits from the real estate * * * during the life of the said Maria M. Coxe [Skinner and] to pay the net income of the said estate, or so much thereof as [the] Trustees, may, in their sole and absolute discretion, deem proper under all the circumstances for the comfortable support, and maintenance of the said Maria M. Coxe, and after making such payment from income for her, or in the exercise of their discretion as aforesaid, without making such payments for her, to pay the net income, or the balance thereof, to and for the benefit, support and maintenance of any lawful issue her surviving, Daniel M. Coxe, her brother, and her next of kin * * *."

The trust indenture specified the manner of distribution of the trust income and principal upon the death of the decedent and permitted the trustees to invest only in certain types of securities unless the restriction was removed by the written consent of the decedent. Mrs. Skinner also retained the right to appoint an individual and a corporate trustee to succeed the individual and corporate trustees respectively named in the instrument if a vacancy or vacancies should occur.

In 1936 Mrs. Skinner filed a federal gift tax return in which she excluded from the value of the assets transferred to the trust an amount which in her view represented the value of the life estate which she thought had been retained by her under the terms of the trust agreement. The Internal Revenue Service denied the exclusions, stating: "[I]n view of the absolute discretionary power vested in the Trustees, it is considered that you did not reserve a life estate in the trust, and the amount of the income that may be paid to you by the trustees is not susceptible of an accurate determination. Accordingly, no deduction is allowed for the life estate claimed." As a result, additional gift tax was paid by Mrs. Skinner in 1938.

During her lifetime, Mrs. Skinner received all income from the trust. She died on January 12, 1953, leaving surviving her her husband, two children, her brother and her mother. Her executors filed an estate tax return which excluded from the decedent's gross estate the value of the trust corpus. The Commissioner held that the corpus was includible in Mrs. Skinner's taxable estate, allowing the estate, however, a credit for the gift tax paid by her in 1938. The executors paid the resulting tax deficiency and filed a claim for refund. The claim was rejected by the Commissioner and the executors then filed this suit in the court below to recover the amounts so paid. The court concluded that the Commissioner's determination was correct, 197 F.Supp. 726, and the appeal at bar followed.

The decision of the court was rested primarily on the conclusions expressed by us in McNichol's Estate v. Commissioner, 3 Cir., 265 F.2d 667 (1959). Cf. In re Uhl's Estate, 241 F.2d 867 (7 Cir. 1957).[3]

2. The settlor married twice but this fact is not relevant here.

3. The appellants rely heavily on In re Uhl's Estate, 241 F.2d 867, 868 (7 Cir. 1957). In this case, under the indenture setting up an irrevocable trust, the settlor was entitled to a $100 monthly income but the trustee was vested with the right "* * * in his discretion * * * [to] pay a greater sum than $100.00 a month if it shall deem advisable." The Commissioner determined that the entire corpus of the trust was liable for Estate Tax and this finding was affirmed by the Tax Court. The Court of Appeals of the Seventh Circuit reversed, holding that due to the fact that the trustee was vested with sole discretion as to the dispersal of all amounts in excess of $100 a month, the amount of the corpus taxed as includible in the settlor's estate could only be that which in fact would produce the amount of income stated. The settlor did receive income in excess of the $100, but, unlike the case at bar, the settlor received amounts in excess of the

In McNichol's case the decedent-settlor between 1939 and 1942 executed general warranty deeds to income-producing real estate for the benefit of his children. The deeds reserved no interest in the property to the decedent. However, there was a contemporaneous oral agreement between him and his children whereby he was to receive the income from the property until his death. Because of this oral agreement the Commissioner determined that the decedent had retained sufficient interest to sweep the property into his gross estate under Section 811(c) (1) (B) (i) of the Internal Revenue Code of 1939.

The court below made a finding of fact, based on an inference drawn from the circumstances set out immediately below. The circumstances referred to were that Mrs. Skinner thought she had retained a life estate when she created the trust and demonstrated this when she filed her gift tax return for the year 1936, and that she actually did receive the income from the trust for life. The trial judge concluded that the income to Mrs. Skinner had resulted because of a "prearrangement" between her and her trustees to effect that result. The evidence that the Commissioner in 1936 had rejected Mrs. Skinner's contention that she had retained a life estate, not referred to by the court below in its opinion, must have been deemed by it to have been of but little weight.[4]

▪ It is true that if Mrs. Skinner retained no interest in and divested herself of all control of the property which constituted the trust, and deprived herself of all enjoyment therein, the corpus is not includible. Commissioner v.

Church, 335 U.S. 632, 69 S.Ct. 322, 93 L. Ed. 288 (1949). The operative facts as found by the court below were not clearly erroneous and were fully supported by the evidence, Rule 52(a), Fed.R.Civ. Proc., 28 U.S.C. The substance of the issue presented for our determination, therefore, is whether the trial court was wrong in concluding that there was a "prearrangement" between Mrs. Skinner and her trustee that "the trustee's so-called 'discretion' would be exercised exclusively in favor of the settlor for her life." 197 F.Supp. p. 729. We conclude that the court below was correct in its conclusion. Walling v. General Industries Co., 330 U.S. 545, 550, 67 S.Ct. 883, 91 L.Ed. 1088 (1947); August v. Commissioner, 267 F.2d 829, 833 (3 Cir., 1959); Around the World Shoppers Club v. United States, 309 F.2d 324 (3 Cir., 1962).

▪ We realize, as did the court below, that to some degree at least it was breaking new and perhaps dangerous ground in reaching this decision. Judge Layton stated: "[T]he court is aware that the holding in this case places a heavy burden upon the estate of a settlor of a discretionary trust to avoid the inference of secret prearrangements with the trustee when the settlor has in fact received all income during his life." See 197 F.Supp. at p. 730. We point out, however, that every case of this sort must stand on its own facts and that the practice of assuming that a trustee, corporate or otherwise, is necessarily independent of the cestui whom he represents, need not be followed invariably but may be rebutted by circumstances.

The judgment will be affirmed.

amount specified in only two of the eight years of the trust's duration. See table of income payments set out in Uhl's Estate v. Commissioner, 25 T.C. 22, 23 (1955). We think that Uhl's Estate does not furnish substantial support for the appellants' position.

4. We cannot perceive great probative value in the fact that the Commissioner rejected Mrs. Skinner's claim of the retention of a life estate in 1936. The Commissioner's conclusion was a legal one made by him in the course of his official duty.