Elsie L. ATKINSON, Virginia A. Townsend, Norvelle A. McMaster, Lucy A. Robinson, and Christopher DeTreville Atkinson, sole heirs of Christopher Atkinson, deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. AC–1123.

United States District Court E. D. South Carolina, Columbia Division.

July 15, 1964.

Boyd, Bruton & Lumpkin, Columbia, T. K. McDonald, Winnsboro, S. C., for plaintiff.

Terrell L. Glenn, U. S. Dist. Atty., Columbia, S. C., for defendant.

SIMONS, District Judge.

## FINDINGS OF FACT

The undisputed facts as revealed by the complaint, answer, and the plaintiffs' depositions are:

1. Christopher Atkinson died testate on February 26, 1961.

2. An estate tax return was filed by the executrices which included 48 shares of the capital stock of American Telephone and Telegraph Company which had been transferred by the decedent to his widow and children during his life.

3. As a result of an audit, the Internal Revenue Service determined that an additional 1752 shares of American Telephone and Telegraph Company, which similarly had been transferred by the decedent prior to his death, were also includable in his estate and an estate tax deficiency was assessed based on this inclusion.

4. The estate tax assessment of $31,-889.82 was paid by the plaintiffs in October of 1962.

5. Plaintiffs subsequently filed a claim for refund with the District Director of Internal Revenue for the aforesaid deficiency.

6. Upon disallowance by the defendant on April 9, 1963, of the claim for refund, this suit for refund was instituted by the plaintiffs who are residents of the Eastern District of South Carolina.

7. Over the course of many years prior to his death, Mr. Atkinson purchased, with his own funds, shares of common stock of American Telephone and Telegraph Company in the names of his wife and children.

8. From March, 1948 through August 15, 1958, each of Mr. Atkinson's four children received 118 shares of stock while Mrs. Elsie Atkinson, the widow, received 128 shares.

9. In April of 1959 the aforesaid stock was split three-for-one so that thereafter there were registered in the name of Mr. Atkinson's widow 384 shares and in the names of each of the children 354 shares, or a total of 1800 shares.

10. Mr. Atkinson was not paid or reimbursed for the shares of stock by his wife or children.

11. There was no endorsement whatever upon the shares and they listed the widow and children as owners.

12. Mr. Atkinson, by virtue of an understanding and agreement with the donees, reserved the right to the divi-

dends paid on such 1800 shares during his lifetime.

13. Initially, the dividends were paid by American Telephone and Telegraph Company to Mrs. Atkinson and her children but were endorsed over by them to the decedent.

14. At various times during 1954 and 1958 each of the plaintiffs instructed the American Telephone and Telegraph Company to pay the dividends directly to the decedent, Christopher Atkinson.

15. Mr. Atkinson received all of the dividends paid on these 1800 shares of stock during his lifetime.

16. Although the children reported the dividends as income on their own income tax returns, Mr. Atkinson reimbursed them for the additional tax thereby due.

17. The defendant having filed its motion for summary judgment based upon the foregoing undisputed facts, urges the Court to conclude that Mr. Atkinson retained both the enjoyment and the right to the income from the shares by virtue of his agreement with the donees whereby he received the dividends during his life and that therefore the value of the shares is includable in Mr. Atkinson's estate.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and subject matter of this action.

2. The question before the Court is whether the value of 1800 shares of common stock of American Telephone and Telegraph Company purchased by Christopher Atkinson in the names of his wife and children was includable in his gross estate for federal estate tax purposes by virtue of the fact that he retained the possession or enjoyment or the right to the income of the shares for his life within the meaning of Section 2036 of the Internal Revenue Code of 1954.

3. The decedent retained, for a period, which did not in fact end before his death, the enjoyment and the right to the income from the 1800 shares of stock transferred to his wife and children.

4. By virtue of Section 2036 of the Internal Revenue Code of 1954, the value of the 1800 shares of American Telephone and Telegraph Company stock is includable in the decedent's estate. McNichol's Estate v. Commissioner, 265 F.2d 667 (C.A.3d), certiorari denied 361 U.S. 829, 80 S.Ct. 78, 4 L.Ed.2d 71. Skinner's Estate v. United States, 197 F. Supp. 726 (ED Pa.), affirmed 316 F.2d 517 (C.A.3d). See Commissioner v. Church's Estate, 335 U.S. 632, 69 S.Ct. 322, 93 L.Ed. 288.

5. In view of the foregoing, the Commissioner of Internal Revenue correctly determined that the value of the shares of stock was includable in the decedent's estate and the defendant, United States of America, is entitled to summary judgment. It is, therefore,

Ordered, adjudged and decreed that the defendant's motion for summary judgment be, and the same hereby is granted, together with costs. Let judgment be entered for the defendant.