ESTATE OF MILTON J. BUDLONG, INDUSTRIAL TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7308. Promulgated February 12, 1947.

*Richard F. Canning, Esq.*, for the petitioner.
*J. T. Haslam, Esq.*, for the respondent.

**OPINION.**

ARUNDELL, *Judge*: This proceeding is now here for settlement under Rule 50 pursuant to the opinion of the Court promulgated September 19, 1946 (7 T. C. 756). In that opinion we held that, in the case of trusts created by the decedent in 1929, certain transfers of property made thereto after March 3, 1931, were includible in the gross estate under section 811 (c). We further held that transfers of property to certain other trusts created in 1937 were likewise includible in the gross estate. It now appears that the decedent had paid gift tax in 1936 and 1937 with respect to some of these transfers and the computations filed by the petitioner and the respondent are at variance with respect to the amount of gift tax credit to which the estate is entitled. Both parties have filed briefs or memoranda in support of their computations and have orally argued the issue raised.

Section 813 (a) (2) of the Internal Revenue Code provides for the gift tax credit against the basic tax and reads as follows:

(2) Revenue Act of 1932 or Chapter 4.—

(A) If a tax has been paid under chapter 4 or under Title III of the Revenue Act of 1932, 47 Stat. 245, on a gift, and thereafter upon the death of the donor

any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this subchapter, then there shall be credited against the tax imposed by section 810 or 860 the amount of the tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit shall not exceed an amount which bears the same ratio to the tax imposed by section 810 or 860 as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate.

(B) For the purposes of paragraph (A), the amount of tax paid for any year under chapter 4 or under Title III of the Revenue Act of 1932 with respect to any property shall be an amount which bears the same ratio to the total tax paid for such year as the value of such property bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year.

Section 936 (b) provides for the gift tax credit against the additional estate tax and reads as follows:

(b) (1) If a tax has been paid under chapter 4 or under Title III of the Revenue Act of 1932, 47 Stat. 245, on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this subchapter, then there shall be credited against the tax imposed by section 935 the amount of the tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit (A) shall not exceed an amount which bears the same ratio to the tax imposed by section 935 as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate, and (B) shall not exceed the amount by which the gift tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property as constituted the gift as is included in the gross estate, exceeds the amount of the credit under section 813 (a) (2).

(2) For the purposes of paragraph (1), the amount of tax paid for any year under chapter 4 or under Title III of the Revenue Act of 1932 with respect to any property shall be an amount which bears the same ratio to the total tax paid for such year as the value of such property bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year.

The property transferred in trust by the decedent in 1936 has been included in the gross estate at a value of $67,467.34. The amount of gift tax paid in that year by the decedent with respect to such property was $7,188.92. The property which he transferred to trust in 1937 has been included in the gross estate at a value of $38,097.63, and the gift tax paid by decedent in 1937 with respect to such property amounted to $20,330.21.[1]

The difference between the petitioner's and the respondent's computations lies in the fact that respondent calculated a separate credit

---

[1] The gift tax values of these 1936 and 1937 gifts were approximately $138,000 and $154,000, respectively.

for each of the years 1936 and 1937, whereas the petitioner combined the two years and made a single computation of credit. The computations of both parties show a total gift tax credit of $5,057.57 against the basic estate tax. However, under the respondent's computation the gift tax credit allowed against the additional estate tax totals $10,638.22, while under the petitioner's computation the credit amounts to $18,514.59, a difference of $7,876.37. The reason for the difference is that in determining a separate credit for 1936 the limitation provided for in subparagraph (B) of section 936 (b) (1) comes into play to reduce the credit otherwise provided under subparagraph (A) against the additional estate tax from $11,832.93 to $3,956.56, a difference of $7,876.37. Where the two years are combined the credit determined under subparagraph (A) does not exceed the limitation under subparagraph (B).

A comparison of the computations of the respective parties will facilitate an understanding of the problem presented. Both computations agree as to the following figures:

1. Estate tax value of 1936 gifts_____ $67,467.34
2. Gift tax allocable to item 1_____ 7,188.92
3. Estate tax value of 1937 gifts_____ 38,097.63
4. Gift tax allocable to item 3_____ 20,330.21
5. Gross estate_____ 1,509,897.86
6. Gross basic tax_____ 72,339.83
7. Gross additional tax_____ 264,819.48

On the basis of these agreed figures, respondent's computation of the credit proceeds as follows:

*1936 Gifts*                      CREDIT

For basic tax  $\frac{\$67,467.34}{\$1,509,897.86}$  times  $72,339.83_____ $3,232.36

For additional tax  $\frac{\$67,467.34}{\$1,509,897.86}$ times $264,819.48_____ _____ 11,832.93

Limited to $7,188.92 minus $3,232.36 (§ 936 (b) (1) (B))_____ 3,956.56

*1937 Gifts*

For basic tax  $\frac{\$38,097.63}{\$1,509,897.86}$  times  $72,339.83_____ 1,825.21

For additional tax  $\frac{\$38,097.63}{\$1,509,897.86}$ times $264,819.48_____ 6,681.66

COMPUTATION OF LIMITATION UNDER § 936 (b) (1) (B)
1937

Gift tax paid_____ $20,330.21
Minus: credit against basic tax_____ 1,825.21
---
Credit against additional tax may not exceed_____ $18,505.00

Limitation not applicable since credit of $6,681.66 against additional tax, computed above, does not exceed $18,505.

SUMMARY OF CREDITS

|  | For basic tax | For additional tax |
|---|---|---|
| 1936 | $3,232.36 | $3,956.56 |
| 1937 | 1,825.21 | 6,681.66 |
| Total | $5,057.57 | $10,638.22 |

On the other hand, petitioner's computation on the basis of the same agreed figures proceeds as follows:

CREDIT

For basic tax:

$$\frac{\$67,467.34 \text{ plus } \$38,097.63}{\$1,509,897.86} \text{ times } \$72,339.83 \dots \$5,057.57$$

For additional tax:

$$\frac{\$67,467.34 \text{ plus } \$38,097.63}{\$1,509,897.86} \text{ times } \$264,819.48 \dots 18,514.59$$

COMPUTATION OF LIMITATION UNDER § 936 (b) (1) (B)

| | |
|---|---|
| Total gift taxes | $27,519.13 |
| Minus: credit against basic tax | 5,057.57 |
| Credit against additional tax may not exceed | $22,461.56 |

Limitation not applicable since credit of $18,514.59 against additional tax, computed above, does not exceed $22,461.56.

The question therefore arises, first, whether either the statutes or the regulations literally require the use of one of these two methods to the exclusion of the other; and, if not, then which, on general principles and in the light of Congressional purpose, is the preferable method. Respondent recognizes that the regulations do not expressly cover the particular issue now presented, but in support of his method of computing the credit he emphasizes the fact that the statutes speak of "gift" in the singular. It seems to us, however, for reasons hereinafter appearing, that that affords no justification for computing a separate credit *for each year*. We note also that respondent's own regulations interpreting the statutes provide that:

Credit against the basic tax as authorized by section 813 (a) (2) for Federal gift tax paid on *gifts* made by the decedent cannot exceed an amount which bears the same ratio to the gross basic tax as the value *of the property which was included for the purpose of the gift tax and also included in the gross estate* bears to the value of the entire gross estate. * * *[2] [Italics ours.]

Moreover, with respect to section 936 (b) (1) (B)—the very limitation which, when applied separately to the gift tax paid in each year as under the respondent's computation, serves to reduce the total credit allowable—the regulations provide:

[2] See Regulations 105, sec. 81.8 (a). The regulation relating to the credit against the additional estate tax is in the same language. See Regulations 105, sec. 81.8 (b).

\* \* \* Furthermore, the credit cannot exceed the difference between the *total amount* of such gift tax paid and the amount of credit therefor against the gross basic tax imposed by section 810 or section 860.' [Italics ours.]

It thus appears to us that petitioner's method of computation is more compatible with the regulations than is the respondent's method.

Respondent also, on brief, has drawn emphasis through the use of italics to the expressions, "for any year" and "for such year" wherever they appear in code sections 813 (a) (2) (B) and 936 (b) (2). It is at once apparent, however, that the sole purpose of these two parts of the statutes is to determine, in any instance where only some of the total gifts of a particular gift tax year are included in the gross estate, how much of the gift tax paid is allocable to the gift property thus included in the estate. If all the gifts of any year are included in the estate, these two parts of the statutes have no application whatever, and the entire gift tax paid for that year is then "the amount of the tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property which constituted the gift as is included in the gross estate." That this is so can not be doubted in view of the statement in the reports of the House Ways and Means Committee and the Senate Finance Committee on the Revenue Act of 1932 that these provisions were:

\* \* \* required to indicate the amount of gift taxes for which credit is allowable where there are gifts in a calendar year which are included in the donor's gross estate for estate tax purposes, and other gifts for the same year which are not so included.'

In the instant case, for example, the 1936 gifts included in the estate at a value of $67,467.34 and the 1937 gifts included in the estate at a value of $38,097.63 were not the only gifts made by the decedent in those years, and therefore it was necessary to apply the provisions of code sections 813 (a) (2) (B) and 936 (b) (2) to determine that $7,188.92 and $20,330.21, as shown in the computations of both parties, were the amounts of gift tax respectively allocable to the included gifts. If they had been the only gifts for the respective years, then there would be no need to resort to sections 813 (a) (2) (B) and 936 (b) (2).

The respondent's argument in this connection, therefore, does not justify the computation of a separate credit for each year. And it is our opinion, for the reasons stated, that the statutes do not literally require the method employed by the respondent.

A careful analysis of sections 813 (a) (2) (A) and 936 (b) (1) (A) and (B) in the light of their legislative history will demonstrate,

---

' Regulations 105, sec. 81.8 (b).
' See H. Rept. 708, 72d Cong., 1st sess., p. 45; 1939–1 C. B. (Pt. 2), p. 489; S. Rept. 665, 72d Cong., 1st sess., p. 48; 1939–1 C. B. (Pt. 2), p. 531. See also Regulations 105,

we think, that the petitioner's method is the preferable one and that it fully accords with the Congressional purpose.

Provision for gift tax credit was first made in the Revenue Act of 1924, section 322, at a time when there was only one Federal estate tax (now the basic estate tax). Credit was then allowed for the full amount of gift tax paid with respect to so much of the gift property as was later included in the donor's gross estate. So far as gift tax paid under the Revenue Act of 1924 is concerned, this credit provision is still retained in the code, see section 813 (a) (1), but credit is allowed only against the basic tax. See Paul, Federal Estate and Gift Taxation, § 3.11.

In 1932 the additional estate tax was adopted and, accordingly, credit for gift tax paid under the Revenue Act of 1932 and later statutes is now apportioned between the basic and additional estate taxes. Hence, the two credit provisions in the code, one applicable to each of the two estate taxes. There also first appeared in the Revenue Act of 1932 the exception, now embodied in sections 813 (a) (2) (A) and 936 (b) (1) (A) of the code, placing a limitation on the amount of the credit. The formula provided in that exception limits the amount of the credit to the same percentage of the estate tax as the gift property bears to the entire gross estate—in other words, to an amount no greater than that part of the estate tax caused by the inclusion of the gift property in the gross estate and therefore allocable or attributable to the gift property. With respect to the exception, the Committee Reports make the following explanation:

This added exception is inserted in view of the fact that, on account of the graduated rates, the total gifts subject to gift taxes (some of which may be included for estate tax purposes and some not) may be larger than the net estate subject to estate tax, and the estate-tax rate lower than the gift-tax rate. For example, the gifts may amount to $10,000,000, of which $1,000,000 may be subject to estate tax and the property owned by the donor when he died may amount to $500,000 (after deductions) ; thus the net estate would be $1,500,-000, and the estate-tax rate considerably lower than the gift-tax rate. *Such a situation would result in complete exemption of the estate from estate tax if it were not for the exception mentioned. The exception is designed to obviate this result by limiting the credit as provided in this section.* The parenthetical clause, a part of the exception, is required by the fact that only the "lower" value is subject to both the gift and the estate tax. For example, if the gift-tax value is $600,000 and the estate-tax value $1,000,000, the lower value ($600,-000) is the only one which has been the subject of both taxes. The excess ($400,000) has been the subject of estate tax only.[*] [Italics ours.]

Thus, the purpose of the formula of subparagraph (A) is apparent. However, it is possible that the credits determined under the formula of subparagraph (A) against each estate tax, basic and additional,

---

[*] H. Rept. 708, 72d Cong., 1st sess., p. 45 ; 1939—1 C. B. (Pt. 2), p. 489 ; S. Rept. 665, 72d Cong., 1st sess., p. 48 ; 1939—1 C. B. (Pt. 2), p. 530.

might, when combined, exceed the total amount of gift tax actually paid with respect to the gift property included in the gross estate. But of course it was not the purpose of Congress to allow, in any case, a total credit against both estate taxes greater than the total amount of gift tax actually paid with respect to the included gift property. Accordingly, the provision which is now embodied in subparagraph (B) of code section 936 (b) (1) was adopted. Its sole purpose was to provide a final limitation on the credit against the additional estate tax in an amount equal to the difference between the total gift tax actually paid with respect to the included gift property and the credit taken against the basic estate tax.[6]

With this history in mind and referring to the computations of the respective parties set out above, we see that the amount of credit, or limitation of credit, determined by both parties according to the formula under subparagraph (A) totals the same. Against the basic tax, according to petitioner it is $5,057.57, and according to respondent it is $3,232.36 + $1,825.21 = $5,057.57. Against the additional tax, according to petitioner it is $18,514.59, and according to respondent it is $11,832.93 + $6,681.66 = $18,514.59. It is also obvious that if one were dealing with a hundred gifts made in ten different years and all included in the gross estate, the total credit limitation determined under subparagraph (A) would be the same, whether a separate computation were made for each gift or for each year or the value of all the gifts added together in the numerator of the fraction and a single multiplication and division made.

However, when we come to the application of the credit limitation under subparagraph (B) of section 936 (b) (1), it makes a considerable difference whether the limitation is applied in piecemeal fashion to the amount of gift tax paid in each year, as in respondent's computation, or whether it is applied to the total amount of gift tax paid with respect to all the included gift property, as in the petitioner's computation. Specifically, in the respondent's computation the credit for 1936 against the additional tax is reduced from the amount of $11,-832.93 determined under the formula of subparagraph (A) to $3,956.56 under subparagraph (B)—a difference of $7,876.37. If the only gifts which were included in the gross estate were the gifts made in 1936, undoubtedly the credit thus determined would be proper because with respect to all the included gift property the decedent would have paid only $7,188.92 gift tax, and the estate would receive credit for that full amount apportioned between the basic and additional estate tax. Petitioner agrees that such would be the case. But the fact is that the decedent paid additional gift tax of $20,330.21 with

[6] See H. Rept. 708, 72d Cong., 1st sess., p. 27; 1939–1 C. B. (Pt. 2), p. 476; S. Rept. 665, 72d Cong., 1st sess., p. 38; 1939–1 C. B. (Pt. 2), p. 524.

respect to the gifts made in 1937 which have also been included in the gross estate. In these circumstances, therefore, it can not be said that, if the full credit determined under subparagraph (A) is allowed, the estate will receive credit for $7,876.37 more than the gift tax actually paid. On the contrary, the total credits determined under subparagraph (A) are $3,946.97 less than the total amount of gift tax actually paid.

Moreover, because of the cumulative nature of the gift tax, which has the effect of subjecting gifts in succeeding years to higher tax brackets, there would ordinarily be little difference in total gift tax liability whether a gift of a certain quantity of property were made in one year or in two successive years. So here, if the decedent had happened to make all the gifts in a single year, either 1936 or 1937, his total gift tax would have been substantially the same and the credit to which the estate would be entitled would be in the amount which petitioner claims. At oral argument respondent in effect admitted that this was so. It is inconceivable, we think, that Congress should have intended that the mere circumstance that the gifts were made in two years rather than a single year would have the effect, in the operation of the statute, of reducing the total credits from the $23,572.16 claimed by petitioner to the $15,695.79 allowed by the respondent, as against a total gift tax of $27,519.13 actually paid with respect to the included gift property.

This, therefore, is all the more reason why the limitation of subparagraph (B) of section 936(b)(1) should be measured by the total gift tax paid with respect to all gift property included in the gross estate and not applied in piecemeal fashion either to each individual gift or to all the gifts for any particular year. As we have pointed out hereinbefore, the purpose of Congress in adopting subparagraph (B) was to prevent total credits allowed against both estate taxes from ever exceeding the amount of gift tax actually paid. That purpose, of necessity, is always accomplished when the limitation is measured by the total gift tax paid with respect to all gift property included in the gross estate.

In the petitioner's computation the limitation under subparagraph (B) is thus applied. We conclude that that method entirely conforms with the purpose of the statute and properly follows the regulation providing that the credit against the additional tax can not exceed the difference between the *total amount* of the gift tax paid and the amount of credit against the basic tax. In accordance with the petitioner's computation, therefore,

> *Decision will be entered that there is an overpayment of estate tax in the amount of $28,965.87.*