ESTATE OF FRANK B. CHAPMAN, DECEASED, MARTHA S. CHAPMAN, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60098.    Filed June 9, 1959.

*Edmund Durkin, Jr., Esq.,* and *Horace L. Chapman, Esq.,* for the petitioner.

*John J. Larkin, Esq.,* for the respondent.

OPINION.

TIETJENS, *Judge:* The respondent determined a deficiency of $10,898.94 in estate tax. The petition alleges error in the respondent's computation of the gift tax credit allowable against the estate tax. All the facts are stipulated and the stipulation is incorporated by this reference.

The decedent, Frank B. Chapman, died May 17, 1951. The estate tax return was filed with the collector of internal revenue at Columbus, Ohio.

On December 4, 1950, the decedent made gifts of property having a value of $46,931.58 to his wife, son, and daughter. The gift to his wife consisted of a life estate in one-third of that property, having a value of $4,136.12 at the time of the gift. The remainder interests were given to decedent's daughter and son in equal shares. Gift tax returns were filed for the year 1950 by the decedent and his wife, reporting such gifts. The decedent's wife elected to include one-half of the gifts of the remainders to the son and daughter as her gifts. By reason of exclusions and specific exemption allowable, no gift taxes were payable for 1950.

In 1951 the decedent transferred by way of gift to his wife, son, and daughter in equal shares property and cash having a total value of $448,931.78.

In March 1952 a gift tax return was filed for the year 1951. Gift taxes in the amount of $74,165.14 were paid on such gifts.

The above-described gifts made in 1950 and 1951 were included in the decedent's gross estate as gifts made in contemplation of death.

The estate tax computed on the gross estate before credit for gift tax is $78,480.12. Under sections 813 (a) and 936 (b) of the Internal Revenue Code of 1939, the estate is entitled to a credit against the estate tax for gift taxes paid on gifts which thereafter are required to be included in the gross estate of the donor. This credit is subject to certain limitations.

The Revenue Act of 1948 made several amendments to the statutory provisions involved here:

SEC. 813. CREDITS AGAINST TAX.

(a) GIFT TAX.—

\* \* \* \* \* \* \*

(A) If a tax has been paid under chapter 4 or under Title III of the Revenue Act of 1932, 47 Stat. 245, on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this subchapter, then there shall be credited against the tax imposed by section 810 or 860 the amount of the tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit shall not exceed an amount which bears the same ratio to the tax imposed by section 810 or 860 (after deducting from such tax the credits provided by section 813 (a) (1) and (b)) as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate reduced by the aggregate amount of the deductions allowed under subsections (d) and (e) of section 812.

(B) In applying, with respect to any gift, the ratio stated in subparagraph (A), the value at the time of the gift or at the time of the death, referred to in such ratio, shall be reduced—

(i) by such amount as will properly reflect the amount of such gift which was excluded in determining (for the purposes of section 1003 (a), or of section 504 (a) of the Revenue Act of 1932) the total amount of gifts made during the year in which the gift was made;

(ii) if a deduction with respect to such gift is allowed under section 812 (e) (the so-called "marital deduction")—then by an amount which bears the same ratio to such value (reduced as provided in clause (i) of this subparagraph) as the aggregate amount of the marital deductions allowed under section 812 (e) bears to the aggregate amount of such marital deductions computed without regard to subparagraph (H) of section 812 (e) (1); and

(iii) if a deduction with respect to such gift is allowed under section 812 (d) (the so-called "charitable deduction")—then by the amount of such value, reduced as provided in clause (i) of this subparagraph.

(C) Where the decedent was the donor of the gift but, under the provisions of section 1000 (f), the gift was considered as made one-half by his spouse—

(i) the term "the amount of the tax paid under chapter 4", as used in subparagraph (A) of this paragraph, includes the amounts paid with respect to each half of such gift, the amount paid with respect to each being computed in the manner provided in subparagraph (D); and

(ii) in applying, with respect to such gift, the ratio stated in subparagraph (A) of this paragraph, the value at the time of the gift or at the time of the death, referred to in such ratio, includes such value with respect to each half of such gift, each such value being reduced as provided in clause (i) of subparagraph (B) of this paragraph.

(D) (i) For the purposes of subparagraph (A), the amount of tax paid under chapter 4, or under title III of the Revenue Act of 1932, with respect to any gift shall be an amount which bears the same ratio to the total tax paid for the year in which the gift was made as the amount of such gift bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year.

(ii) For the purposes of clause (i) the "amount of such gift" shall be the amount included with respect to such gift in determining (for the purposes of section 1003(a), or of section 504(a) of the Revenue Act of 1932) the total amount of gifts made during such year, reduced by the amount of any deduction allowed with respect to such gift under section 1004(a)(2), or under section 505(a)(2) of the Revenue Act of 1932 (the so-called "charitable deduction"), or under section 1004(a)(3) (the so-called "marital deduction").

## SEC. 936. CREDITS AGAINST TAX.

(b) (1) If a tax has been paid under chapter 4 or under Title III of the Revenue Act of 1932, 47 Stat. 245, on a gift, and thereafter upon the death of the donor any amount in respect of such gift is required to be included in the value of the gross estate of the decedent for the purposes of this subchapter, then there shall be credited against the tax imposed by section 935 the amount of the tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property which constituted the gift as is included in the gross estate, except that the amount of such credit (A) shall not exceed an amount which bears the same ratio to the tax imposed by section 935 as the value (at the time of the gift or at the time of the death, whichever is lower) of so much of the property which constituted the gift as is included in the gross estate, bears to the value of the entire gross estate reduced by the aggregate amount of the deductions allowed under subsections (d) and (e) of section 812, and (B) shall not exceed the amount by which the gift tax paid under chapter 4 or under Title III of the Revenue Act of 1932 with respect to so much of the property as constituted the gift as is included in the gross estate, exceeds the amount of the credit under section 813(a)(2).

(2) In applying, with respect to any gift, the ratio stated in clause (A) of paragraph (1), the value at the time of the gift or at the time of the death, referred to in such ratio, shall be reduced—

(A) by such amount as will properly reflect the amount of such gift which was excluded in determining (for the purposes of section 1003(a), or of section 504(a) of the Revenue Act of 1932) the total amount of gifts made during the year in which the gift was made;

(B) if a deduction with respect to such gift is allowed under section 812(e) (the so-called "marital deduction")—then by an amount which

bears the same ratio to such value (reduced as provided in subparagraph (A) of this paragraph) as the aggregate amount of the marital deductions allowed under section 812(e) bears to the aggregate amount of such marital deductions computed without regard to subparagraph (H) of section 812(e)(1); and

(C) if a deduction with respect to such gift is allowed under section 812(d) (the so-called "charitable deduction")—then by the amount of such value, reduced as provided in subparagraph (A) of this paragraph.

(3) Where the decedent was the donor of the gift but, under the provisions of section 1000(f), the gift was considered as made one-half by his spouse—

(A) the term "the amount of the tax paid under chapter 4", as used in paragraph (1) of this subsection, includes the amounts paid with respect to each half of such gift, the amount paid with respect to each being computed in the manner provided in paragraph (4); and

(B) in applying, with respect to such gift, the ratio stated in clause (A) of paragraph (1), the value at the time of the gift or at the time of the death, referred to in such ratio, includes such value with respect to each half of such gift, each such value being reduced as provided in subparagraph (A) of paragraph (2).

(4)(A) For the purposes of paragraph (1), the amount of tax paid under chapter 4, or under title III of the Revenue Act of 1932, with respect to any gift shall be an amount which bears the same ratio to the total tax paid for the year in which the gift was made as the amount of such gift bears to the total amount of net gifts (computed without deduction of the specific exemption) for such year.

(B) For the purposes of subparagraph (A) the "amount of such gift" shall be the amount included with respect to such gift in determining (for the purposes of section 1003 (a), or of section 504 (a) of the Revenue Act of 1932) the total amount of gifts made during such year, reduced by the amount of any deduction allowed with respect to such gift under section 1004(a)(2), or under section 505(a)(2) of the Revenue Act of 1932 (the so-called "charitable deduction"), or under section 1004(a)(3) (the so-called "marital deduction").

The respondent points out that, as so amended, the limitations now imposed for computing the gift tax credit require the following computations:

First Limitation:

Gift tax paid × $\dfrac{\text{Amount of gift included in gross estate less gift tax exclusions, charitable deductions and the marital deductions for gift tax purposes.}}{\text{Total amount of net gifts for the year without deduction of the specific exemption.}}$

Second Limitation:

Estate tax liability × $\dfrac{\text{Value of gift tax property included in gross estate less the estate marital deduction and gift tax exclusions.}}{\text{Value of entire gross estate reduced by estate charitable deductions and the marital deduction.}}$

The petitioner claims a credit of $57,438.60. The following are the pertinent figures in the petitioner's computation:

| | | |
|---|---|---|
| 1. | Gross estate | $600,600.61 |
| 2. | Marital deduction | 149,643.93 |
| 3. | Gross estate less marital deduction | 450,956.68 |
| 4. | 1950 gifts included in estate | 46,931.58 |
| 5. | Exclusions allowed for 1950 gifts | 7,170.10 |
| 6. | 1951 gifts included in estate | 448,931.36 |
| 7. | Exclusions allowed for 1951 gifts | 9,000.00 |
| 8. | Proportion of marital deductions attributable to 1951 gifts alone | 146,643.93 |
| 9. | Proportion of marital deductions attributable to all gifts included in estate | 149,643.93 |
| 10. | Estate tax before gift tax credit | 78,480.12 |
| 11. | Total gift tax | 74,165.14 |

It is petitioner's understanding that since all of the gift tax in question was paid with respect to property included in the estate, there is no need to impose the first limitation. The petitioner computes the credit as follows. (The figures in parentheses refer to the items listed above):

$$\$78,480.12 \ (10) \ \times \frac{\$495,863.36 \ (4 \text{ and } 6) - [\$7,170.10 \ (5) \ + \$9,000 \ (7) \ + \$149,646.93 \ (9)]}{\$600,600.61 \ (1) \ - \$149,648.93 \ (2)}$$

$$\$78,480.12 \times 0.731887 = \$57,438.60$$

The petitioner relies upon *Estate of Milton J. Budlong*, 8 T.C. 284 (1947), holding that a separate credit should not be determined for each year in which gifts were made but the gifts should be combined and the credit based upon the total value of gift property includible in the gross estate limited by the total amount of gift tax paid with respect to such property.

The respondent determined that a separate computation of limitation of gift tax credit was required with respect to each gift and decreased the credit for gift tax to $51,040.97.

As the respondent points out, no gift tax credit is allowable with respect to the gifts made in 1950 as no gift tax was paid on such gifts. The statute applies only "[i]f a tax has been paid * * * on a gift * * * then there shall be credited against the [estate] tax * * * the amount of the [gift] tax paid."

The petitioner's computation ignores this requirement and attempts to realize a larger credit by including gifts on which no gift tax has been paid. There is no authority for this. The *Budlong Estate* case, *supra*, is not applicable here, for in that case gift taxes had been paid on the gifts made in both years involved.

The respondent computes the credit for 1951 gifts under the second limitation, above, as follows:

*Donees:*

Grace Brown

$$\$78,480.12 \times \frac{\$149,643.93 - \$3,000.00\,[1]}{\$450,956.68\ (1)\ \text{less}\ (2)} = \$25,520.48$$

Horace L. Chapman

$$\$78,480.12 \times \frac{\$149,643.93 - \$3,000.00\,[2]}{\$450,956.68\ (1)\ \text{less}\ (2)} = \$25,520.48$$

Martha S. Chapman, spouse

$$\$78,480.12 \times \frac{\$149,643.93 - (\$3,000.00\,[1] + \$149,643.93)\,[2]\ (2)}{\$450,956.68\ (1)\ \text{less}\ (2)} = 0$$

Total gift tax credit_____ $51,040.96

[1] Sec. 813(a)(2)(B)(i).
[2] Sec. 813(a)(2)(B)(ii).

This is the same result as is reached in applying the petitioner's formula after eliminating the figure for 1950 gifts. Therefore, we find it unnecessary to determine whether the amended statutory provisions require computation of the credit with respect to each gift separately or by a single computation including all gifts on which gift tax has been paid.

*Decision will be entered for the respondent.*