**Stanley M. BURNS, Executor of the Estate of Thomas E. Greenaway**

v.

**UNITED STATES of America.**

Civ. A. No. 2441.

United States District Court
D. New Hampshire.

May 13, 1965.

On Motion to Correct Judgment

July 7, 1965.

Burns, Bryant & Hinchey, Joseph P. Nadeau, Dover, N. H., for plaintiff.

Louis M. Janelle, U. S. Atty., Concord, N. H., Robert F. Sama, Department of Justice, Washington, D. C., for defendant.

CONNOR, District Judge.

This is an action to recover a sum alleged to have been excessive or wrongfully collected under the internal revenue laws. Plaintiff contends he was improperly denied a portion of the credit against estate tax for gift taxes paid and, therefore, has overpaid the estate tax. He claims the sum of $3,988.35 as the disallowed portion of the tax credit, together with an additional interest charge of $431.23 plus a sum to reflect attorney and accountant fees incurred by the Estate in prosecuting this action. Jurisdiction is supplied by 28 U.S.C. § 1346(a) (1).

The facts are not in dispute. Decedent Thomas E. Greenaway died on October 17, 1959. In 1958, Mr. Greenaway made an inter vivos transfer of securities on which he paid a gift tax of $5,103.10. In the first half of 1959, he made four transfers of cash and one transfer of securities, on which $55,138 was paid as gift tax. The property involved in these

transfers was included in Mr. Greenaway's estate for estate tax purposes, and plaintiff, as executor, sought a credit against estate taxes for the gift taxes previously paid. This he was entitled to do under 26 U.S.C. § 2012, 26 C.F.R. §§ 20.2012 and 20.2012–1.

The statute and regulations are remedial; their purpose is to prevent double taxation of a single transfer of property. However, the credit against estate tax allowable thereunder is subject to two limitations: the credit may not exceed the gift tax actually paid, or the amount of estate tax attributable to inclusion of the gift property in the estate, whichever is the lower. Plaintiff computed his credit by aggregating the total value of gifts made by decedent in 1958 and 1959. He calculated that a total gift tax of $60,241.26 had been paid on the transfers and that the total estate tax attributable to inclusion of the gifts in the estate came to $52,581.46. Selecting the lower of these two figures, he claimed a credit of $52,581.46.

The Revenue Service disagreed only with the plaintiff's method of computing limitations on the credit, not the figures he used. The Revenue Service's method was to separate the 1958 gifts from those made in 1959, and compute the limitations on the credit for each year. This method can best be shown in chart form:

| | | |
|---|---|---|
| 1958 gift tax paid | $ 5,103.10 | |
| Estate tax attributable to inclusion of 1958 gift in the estate | 9,091.45 | |
| Tax credit allowed on account of 1958 gift (lower of the above amounts) | | $ 5,103.10 |
| 1959 gift tax paid | 55,138.16 | |
| Estate tax attributable to inclusion of 1959 gifts in the estate | 43,490.01 | |
| Tax credit allowed on account of 1959 gifts (lower of the above amounts) | | $43,490.01 |
| Total gift tax credit allowed by Revenue Service | | $48,593.11 |

The Revenue Service's computing method led to a reduction of $3,988.35 in the tax credit, and a consequent rise in the estate tax due in that amount. The plaintiff paid the deficiency, together with an interest charge. This plaintiff now seeks to recover, contending that his method of computation was a proper one under the statute and regulations, and that the Revenue Service's method was improper.

There remain no genuine issues of material fact here. The only issue is whether, on the facts stated, plaintiff or defendant is entitled to judgment as a matter of law. For reasons that follow, the Court concludes that under the statute and regulations interpreting it, plaintiff was not entitled to use the method of computation he employed and, therefore, may not recover the amount he claims for overpayment.

Plaintiff's method, which combines all gifts into one figure and determines the limitations on the basis of this aggregate figure, is inappropriate in view of 26 C.F.R. § 20.2012–1(b). This regulation sets forth the two limitations on the tax credit and further provides:

When more than one gift is included in the gross estate, a separate compu-

tation of the two limitations is to be made for each gift.

The Government has pointed out that this requirement is based on language in a 1948 Report of the Senate Committee which prepared revisions in what is now 26 U.S.C. § 2012. In reporting the proposed revisions, the committee at one point stated:

Under the provisions of the bill the computation of credit for gift tax (under both limitations) is required separately with respect to each gift and the law is intended to operate on the basis of such computation. S. Rep. No. 1013, Part 2, 80th Cong., 2d Sess., p. 25; 1948–1 Cum. Bul., p. 349.

Thus the regulation is obviously based on an unusually clear statement of Congressional intent and, therefore, is reasonable and consistent with the statute.

Plaintiff here has relied on Budlong v. Commissioner, 8 T.C. 284 (1946). This case specifically validated, as consistent with the statute, the method of computation employed by plaintiff here and rejected the method used by the Revenue Service as unrequired by the statute or any regulation then existing. However, the Budlong opinion, though exhaustive and well-reasoned, was decided prior to the 1948 revisions and prior to the statement of intent contained in the Senate Committee's report, which gave rise to the present regulation. The Court is unable to reconcile the Budlong opinion with the regulation; in view of the conclusion stated above that the regulation is a reasonable administrative interpretation of the statute under the 1948 revisions, Budlong must be deemed to have been superseded.

■■■ Plaintiff also argues that the regulation does not specifically furnish authority for the Revenue Service's computation method here, in that it does not provide for computing the limitations on an annual basis. This contention may be sound but it does not aid plaintiff, for though the regulation may not authorize the Government's method, it clearly seems to preclude plaintiff's method. Since the amount plaintiff claims is based on a computation which is inappropriate under the regulations, he cannot prevail. An action to recover a tax payment is in the nature of an action for money had and received, and it is for the taxpayer to show the tax was overpaid and the amount to which he is entitled. See, e. g., Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 76 L.Ed. 293 (1932); Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623 (1935); Roybark v. United States, 218 F.2d 164, 166 (9th Cir. 1954).

■■ It may very well be that the Revenue Service's method of computation here is also inappropriate, since it aggregates the gifts on a yearly basis, and computes the limitation on the annual amounts instead of computing the limitation on each gift. But plaintiff can hardly complain that he is being wronged; the defendant has represented to the Court that the method used by the Revenue Service results in a slightly *larger* credit than would be available if the limitations were computed separately for each gift, and plaintiff has not challenged this statement.

Upon the foregoing, the plaintiff's motion for summary judgment in his favor must be denied, and the defendant's motion granted. However, plaintiff is entitled to a refund which will reflect the increased administrative expenses incident to prosecution of this action.

He has represented to the Court that such a refund would come to $798.14, and this figure has not been disputed by the defendant. Accordingly, judgment will be entered in favor of defendant United States of America, upon the condition that it remit to plaintiff the above amount.

It is so ordered.

### ON MOTION TO CORRECT JUDGMENT

It appears that counsel for both sides neglected to recompute the tax refund allowable to plaintiff which would reflect his expenses in prosecuting this action. Counsel now inform the Court that the

**950**

proper amount due plaintiff, in light of the Court's resolution of the case, should be $455.13. Accordingly, the judgment shall be amended by reducing the figure of $798.14 to $455.13.

It is so ordered.